Edward Charles **PERKINS**,[1] Appellant,

v.

The **STATE** of Texas, Appellee.

No. 967–89.

Court of Criminal Appeals of Texas, En Banc.

June 26, 1991.

Mark A. Goldberg, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lester Blizzard, Jeannie Southwick and David Pendleton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

The offense is driving while intoxicated; the punishment is 180 days confinement, probated for two years, and a $200.00 fine.

On November 7, 1987 at about 3:30 a.m., Officer Gerald Rimmer, of the Houston Airport Police Department, was driving down Almeda–Genoa Road on his way from Hobby Airport to Ellington Field, when he observed appellant's car speeding, and then sliding through a red light at an intersection. He stopped the vehicle to issue appellant a traffic citation. After talking to appellant and administering some field so-

---

**1.** The Court of Appeals erroneously listed appellant's name as Charles Edward Perkins.

briety tests, he determined that appellant was intoxicated. At that time Rimmer called the Houston Police Department for backup assistance. Appellant was then placed under arrest and charged with driving while intoxicated.

The First Court of Appeals reversed the conviction holding: Rimmer was without authority to arrest appellant and the failure of trial counsel to object to the unlawful arrest constituted ineffective assistance of counsel. See *Perkins v. State*, 771 S.W.2d 195 (Tex.App.—Houston [1st Dist.] 1989). However we granted this petition for discretionary review only to construe the "in the actual course and scope of his employment" language found in Tex.Rev. Civ.Stat.Ann. Art. 46g(d).

In its finding that Rimmer was without authority to arrest appellant the First Court of Appeals relied on *Preston v. State*, 700 S.W.2d 227 (Tex.Cr.App.1985), where we held that a campus peace officer was without lawful authority or power to make a warrantless arrest of defendant, where the peace officer was acting outside of his campus jurisdictional limits as prescribed by V.T.C.A., Education Code § 51.-203,[2] which permits governing boards of state institutions of higher education to employ campus security personnel. In *Preston* we expressly overruled *Christopher v. State*, 639 S.W.2d 932 (Tex.Cr.App. 1982), which held that specially commissioned peace officers of the state had lawful authority to make traffic arrests anywhere in the state. In *Angel v. State*, 740 S.W.2d 727 (Tex.Cr.App.1987), we reaffirmed our holding in *Preston* and held that municipal police, unlike other specially created peace officers, have county wide jurisdiction.

In *Preston*, construing the authority of a campus peace officer to make an arrest off campus, we stated:

"A commissioned campus peace officer, such as Shaffer, is not, however, a peace officer for all criminal acts that might occur within his presence or within his view. His authority to act as a peace officer is limited by the terms of Section 51.203, supra. Here, pursuant to statutory authority, Shaffer was vested only with the powers, privileges, and immunities of a peace officer when he was on property under the control of or subject to the jurisdiction of Lamar University, or was otherwise acting in the performance of his official duties as a campus peace officer for Lamar University.

We are unable to agree that a campus peace officer, such as Shaffer, is acting within his official duties when he attempts to enforce provisions of the Uniform Act Regulating Traffic on passageways that are located off the campus of the institution of higher education that issued him his commission to act as a campus peace officer."

In the present cause we must construe the authority of an airport police officer to make a traffic arrest while off property under the control of the airport. The evidence is undisputed that Rimmer stopped appellant for speeding and running a red light on Almeda–Genoa Road, while en route from Hobby Airport and Ellington Field. Rimmer testified that he is a patrol officer at Hobby Airport, but his duties also include patrolling Ellington Field. It is also undisputed that appellant was stopped for committing an offense that was not in any way related to a Houston airport.

The State contends that Rimmer was acting in the course and scope of his employment when he stopped appellant because: Rimmer was required to patrol two different airport locations, which required driving from one location to the other; and Rimmer was drawing city pay.

The statute which authorizes municipalities, such as the City of Houston, to appoint airport police officers is Tex.Rev.Civ.

---

**2.** The statue defining a campus peace officer's authority § 51.203 of the Texas Education Code, in pertinent part, reads as follows:

Any officer commissioned under this section is vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the institution of higher education, or otherwise in the performance of his duties ...

Stat.Ann. art. 46d–7(b), which in pertinent part, reads as follows:

A municipality, which has established or acquired or which may hereafter establish or acquire an airport or air navigation facility, *is authorized to adopt, amend and repeal such reasonable ordinances,* resolutions, rules, regulations and orders *as it shall deem necessary* for the management, government and use of such airport or air navigation facility under its control or an airport hazard area relating to the airport ... For the enforcement thereof the municipality, *may, by ordinance* or resolution, as may by law be appropriate, appoint airport guards or police, with full police powers, and fix penalties, resolutions, rules, regulations, and orders. (emphasis added).

In addition, Tex.Rev.Civ.Stat.Ann. art. 46g(d) (Vernon Supp.1989) provides:

Any peace officer commissioned under this Act shall be vested with all the rights, privileges, obligations, and duties of any other peace officer in this state while he is on the property under the control of the airport, *or in the actual course and scope of his employment.* (emphasis added).

Art. 46d–7(b) leaves to local municipalities the decision whether to create a special airport police force or to simply assign city wide police officers to patrol the airport. If the local municipality chooses to appoint an airport police force, art. 46d–7 makes it clear that the police force is to be guided by the municipal ordinance under which it was created. It is up to the local municipality to determine what limits of authority, duties and responsibilities airport police officers under their control will have. Therefore if the local municipality wishes to limit the geographic scope for which their airport police officers may make arrests to property under the control of the airport, they are entitled to do so. . A municipality may desire to restrict this authority to reduce their exposure to civil liability for acts committed by its airport police officers while off airport property, or for any other reason.

The only difference between the statutes in *Preston* and the statute in this cause is art. 46g(d) reads "or in the actual course and scope of his employment," while § 51.-203 reads, "or otherwise in the performance of his duties." The court of appeals considered the difference to be rhetorical rather than significant. To assist us in determining whether Rimmer's stop was authorized, here, unlike *Preston,* we are guided by a municipal ordinance that defines the duties and responsibilities of airport police officers.

The City of Houston has chosen, by Hou. Mun.Ord. § 9–13, to limit the area for which its airport police officers may make arrest to city airport property. Hou.Mun. Ord. § 9–13, in pertinent part, reads as follows:

§ 9–13(e) The airport police division of the department of aviation and such employees as are assigned to such division shall be charged with the following duties and responsibilities on city airports:

(1) To enforce all city ordinances:

(2) To enforce all rules, regulations and orders adopted by the city council or promulgated by the director of the department of aviation regulating the operation, management, control and use of city airports:

(3) To arrest and detain persons who violate city ordinances, state statutes or federal statutes on city airports. All of such violators shall be searched for weapons and contraband at the scene of any such arrest, and then shall be held pending notification of proper City of Houston police officials. All felony cases must be referred to the Houston Police Department. Misdemeanor cases may be referred to the nearest justice's precinct;

(4) To carry out and enforce all federal guidelines, regulations and requirements with regard to airport security and antihijacking precautions including searches and seizures when probable cause therefor exists;

(5) To implement the airport security plan for each airport facility as same as approved by the director of the department of aviation;

(6) To cooperate whenever possible with all official law enforcement agencies whether local, state or federal;

(7) To respond to all emergencies such as crash or fire alarms, first aid requests, disturbances and maintenance emergencies;

(8) To investigate minor traffic accidents which do not involve serious bodily injury occurring on city airports, and to request an investigation by the Houston Police Department in the event of major vehicular accidents involving serious bodily injuries or death at city airports;

(9) To cooperate with local, state, federal or foreign agencies, at the direction of the director of the department of aviation, in establishing procedures for the arrival and departure of dignitaries and officials when appropriate;

(10) To maintain a continuing program of in service training in proper police procedures and techniques;

(11) To patrol all areas on city airports including those areas used by concessionaires and lessees and to investigate irregularities;

(12) To investigate and make reports of any crime which occurs at city airports whether within or without the buildings or maintenance areas, and whether in a leased or nonleased area; to investigate and make reports of any incident involving personal injury or property damage which occurs at city airports; provided however that no such investigation or reports will be made with regard to incidents occurring on leased premises without the request of the lessee;

(13) To perform tasks as shall be assigned by the mayor, city council or the director of the department of aviation.

We believe that the ordinance operates so as to limit the activities of Houston airport police to property under the control of the airport. Houston airport police officers are even limited to what they can do on city airports (i.e. must call Houston Police for traffic accidents involving serious bodily injuries). From the wording of the ordinance, conducting arrests for traffic offenses committed off, and in no way connected to, city airports is clearly not within the actual course and scope of employment of a Houston airport police officer.[3]

It is uncontested that Officer Rimmer initially stopped appellant merely to issue a traffic citation.[4] Conducting arrests for traffic offenses committed off city airports is clearly not within the actual course and scope of employment of a Houston airport police officer given the limitations contained in Hou.Mun.Ord. § 9–13(e).

We hold that Rimmer was without lawful authority or power to make a warrantless arrest of appellant for committing the traffic offense for which he was initially stopped, because he was then acting outside his jurisdictional limits as prescribed by Tex.Rev.Civ.Stat.Ann. art. 46g(d) (Vernon Supp.1989); Art. 14.03(c) V.A.C.C.P. The State's ground for review is overruled.

Having determined the sole issue upon which we granted review, we assume, without deciding, the court of appeals was correct in concluding that the failure of appellant's trial counsel to object to Rimmer's testimony amounted to ineffective assistance of counsel. The judgment of the First Court of Appeals, reversing the trial court's judgment of conviction, is affirmed.

McCORMICK, P.J., and OVERSTREET, J., dissent.

---

**3.** This is not to say that airport police can never make a lawful arrest off airport property. This case does not present a hot pursuit situation nor a situation in which an airport police officer, in order to effectively carry out his duties, must go beyond the bounds of airport property, to effectuate an arrest that is in some way connected to the airport.

**4.** The Court of Appeals points out that Rimmer saw appellant speed and run a red light. Only after speaking to appellant did Rimmer determine appellant was intoxicated. However, the reasons for the initial detention, speeding and running a red light, are not breaches of the peace. Therefore Art. 14.01(a) V.A.C.C.P. is not applicable.