**Albert R. REICHAERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–91–00490–CR.**

Court of Appeals of Texas, San Antonio.

May 20, 1992.

Rehearing Denied May 20, 1992.

Jeremiah Handy, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Steve Garcia, Jose Castillo, Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, Matthew W. Paul, Asst. County Atty., Austin, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

CHAPA, Justice.

The opinion issued on April 15, 1992 is withdrawn and the following opinion is substituted therefor.

Appellant, Albert R. Reichaert, was charged with the offense of Driving While Intoxicated. Appellant was found guilty on a plea of nolo contendere and punishment was set at forty five days of incarceration in the Bexar County Jail, probated, a $200.00 fine, and costs of Court.

The dispositive issue is whether the trial court erred in denying appellant's pretrial Motion to Suppress.

The record reflects that on or about October 11, 1990, appellant was driving north on U.S. 281 in San Antonio, Bexar County, Texas. J. Caruso, a Hill Country Village Police Officer, traveling in a marked Hill

Country Village Police vehicle, noticed that the appellant was speeding and, after following appellant and clocking appellant's vehicle, determined that appellant was driving over seventy miles per hour in a fifty-five mile per hour zone. Upon subsequently observing appellant's vehicle nearly hit the retainer wall as appellant exited on Thousand Oaks, Officer Caruso stopped appellant, handcuffed him, and proceeded to request assistance from a San Antonio officer. Shortly thereafter, Officer Tom Shaw of the San Antonio Police Department arrived on the scene and observed that appellant's speech was confused, his breath smelled strongly of alcohol, and that his balance was precarious. Officer Shaw then administered a breath intoxilyzer test and thereafter, arrested appellant for driving while intoxicated. Appellant was transported to the Bexar County Jail.

▪ Appellant argues that because he was stopped within "the corporate limits of San Antonio, Bexar County, Texas, and not within the corporate limits of Hill Country Village, Bexar County, Texas," "Officer Caruso was without lawful authority or power to make the warrantless arrest of appellant for committing the traffic offense for which he was initially stopped because he was then acting outside his jurisdictional limits."

▪ Initially, we note that courts in Texas begin with the premise that all arrests must be made pursuant to a warrant. Although warrantless arrests are per se unreasonable, under certain circumstances which have been curtailed by statute, warrantless arrests are permitted. See U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX.CODE CRIM.PROC.ANN. art. 14.01-.04 (Vernon 1977 & Supp.1988). However, because an arrest made without a warrant infringes on the constitutional right to be free from unreasonable searches and arrests, courts must strictly construe the statutory exceptions to the warrant requirement, thereby maintaining the State's burden to establish the legality of the warrantless arrest. See Beck v. Ohio, 379 U.S. 89, 97, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); McVea v. State, 635 S.W.2d 429, 432 (Tex.App.1982).

In reviewing the historical aspects of a peace officer's authority to make warrantless arrests, Professor Reamey noted the following:

> Although all states are bound by the federal constitution guarantee that citizens be free from unreasonable searches or seizures, Texas has historically gone further than many other states by statutorily forbidding the state to use evidence obtained as a result of an illegal arrest or search. Thus, for example, before evidence obtained from a warrantless arrest will be admitted, the state must prove the existence and applicability of an exception to the warrantless requirement.

Reamey & Harkins, *Warrantless Arrest Jurisdiction in Texas: An Analysis And A Proposal*, 19 ST. MARY'S L.J. 857, 861–62 (1988) (footnotes omitted).

The Court of Criminal Appeals has recently addressed the issue of whether an airport police officer had authority to make a warrantless arrest of a driver for driving while intoxicated off city airport property. *Perkins v. State*, 812 S.W.2d 326, 327 (Tex. Crim.App.1991). In *Perkins*, Officer Rimmer, of the Houston Airport Police Department, was driving from one airport to another when he observed appellant's vehicle speeding, and then "sliding through a red light at an intersection." Although no longer on city airport property, Officer Rimmer stopped the vehicle to issue appellant a traffic citation.[1] Subsequently, the officer administered some field sobriety tests and determined that appellant was intoxicated. The Houston Police Department was contacted and appellant was placed under arrest and charged with driving while intoxicated.

The Court of Criminal Appeals ultimately held that the officer was "without lawful authority or power to make a warrantless

[1]. The court rejected the State's assertion that Officer Rimmer was acting pursuant to art. 14.01(a) which allows a peace officer to make a warrantless arrest when the offense is one classed as a felony or as an offense against the public peace.

arrest of appellant for committing the traffic offense for which he was initially stopped, because he was then acting outside his jurisdictional limits." *Perkins*, 812 S.W.2d at 329.

In rendering this decision, the court looked carefully at the municipal ordinance that defined the duties and responsibilities of airport police officers. *Id.* at 328–29. In doing so, the court noted:

> [w]e believe that the ordinance operates so as to limit the activities of Houston airport police to property under the control of the airport. Houston airport police officers are even limited to what they can do on city airports (i.e. must call Houston Police for traffic accidents involving serious bodily injuries). From the wording of the ordinance, conducting arrests for traffic offenses committed off, and in no way connected to, city airports is clearly not within the actual course and scope of employment of a Houston airport police officer....

*Id.* (footnote omitted wherein the court emphasized that it was *not* stating that "airport police can never make a lawful arrest off airport property").

In a similar case, the Court of Criminal Appeals held that a commissioned campus peace officer was not a peace officer for all criminal acts that might occur within his presence or within his view. *Preston v. State*, 700 S.W.2d 227, 229 (Tex.Crim.App. 1985). In *Preston*, the campus peace officer was in the process of arresting two suspects off campus for committing an on campus burglary when he observed appellant's vehicle blocking traffic in violation of statutory law. After appellant refused to move his vehicle, the officer attempted to arrest the appellant but became temporarily blinded when the appellant sprayed mace into the officer's eyes. Appellant was subsequently charged with the offense of aggravated assault upon a peace officer. The court stated:

> when [the officer] was assaulted by appellant, [the officer] was, pursuant to the provisions of Art. 2.12 [TEX.CODE CRIM.

PROC.ANN.], *supra*, a peace officer. However, we also hold that [the officer] was without lawful authority or power to make a warrantless arrest of appellant for committing a traffic offense, because he was then acting outside of his jurisdictional limits as prescribed by Section 51.-203, [TEX.EDUC.CODE ANN. § 51.203] *supra*.

> ....

> Because [the officer] was not lawfully discharging an official duty when appellant assaulted him, the evidence is insufficient to sustain appellant's conviction for the offense of aggravated assault on a peace officer.

*Preston*, 700 S.W.2d at 230. In so holding, the court refused to find that TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977)[2] applied, and thus the State failed to satisfy it's burden of showing that an exception to the warrant requirement existed.

■ The present case is unique in that the State contends that TEX.CODE CRIM. PROC.ANN. art. 14.01(b) (Vernon 1977) applies and, therefore, justifies the Hill Country Village Officer's warrantless arrest of appellant. Article 14.01(b), which is much broader than the exceptions previously mentioned, states that "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." While this article appears to grant peace officers carte blanche in making warrantless arrests, the Court of Criminal Appeals has refused to interpret this article as granting peace officers statewide authority to make warrantless arrests for any offense committed in their presence. *Angel v. State*, 740 S.W.2d 727, 736 (Tex.Crim.App.1987); *see also* TEX.CODE CRIM.PROC.ANN. art. 2.13 (Vernon 1977).

Additionally, the Texas Local Government Code clearly distinguishes between the powers, rights and jurisdiction of a type "A" municipality officer and those of a type "C" municipality officer. Section 341.001 states that a police officer of a type "A" municipality has (1) the powers, rights, and jurisdiction of a marshal of a Type A

---

**2.** This article authorizes warrantless arrest upon the representation of a credible person that a felony has been committed and that the offender is about to escape.

general-law municipality; and (2) other powers and duties prescribed by the governing body. TEX.LOCAL GOV'T CODE ANN. § 341.001 (Vernon 1988). Section 341.021 of this same code provides that "[t]he marshal has the same power and jurisdiction as the county sheriff to execute warrants, to prevent and suppress crime, and to arrest offenders." TEX.LOCAL GOV'T CODE ANN. § 341.021 (Vernon 1988). Thus, an officer of a type "A" municipality has county wide jurisdiction.

However, § 341.002, which deals with the police force of type "C" general-law municipalities, solely provides that "[t]he governing body of a Type C general-law municipality may appoint police officers that the governing body considers necessary and may define the duties of the officers." TEX.LOCAL GOV'T CODE ANN. § 341.-002 (Vernon 1988).

Thus, it appears that the legislature intentionally distinguished between the powers, rights, and jurisdiction bestowed upon officer of a type "A" municipality from those bestowed upon type "C" municipalities. In the present case, although the record does not include Hill Country Village's municipal ordinance defining the duties and responsibilities of its officers, at the hearing on appellant's motion to suppress, the parties stipulated that Hill Country Village is a class "C" municipality under the laws of the State of Texas. Moreover, it is axiomatic that the governing body of a type "C" municipality has no authority to grant jurisdiction to its officers beyond their own jurisdictional boundaries.

On the State's Motion for Rehearing, the State asserts that "[t]his court's opinion on original submission is in conflict with *Romo v. State,* 577 S.W.2d 251 (Tex.Crim. App.1979), in which the court of criminal appeals held that an officer may lawfully arrest a suspect for DWI outside of the officer's jurisdiction, as DWI is 'an offense against the public peace' pursuant to article 14.01(a)." While we recognize the holding in *Romo,* we disagree with the State's assertion that "*Romo* is a white horse

case" and maintain that *Romo* is factually distinguishable from the case at hand.

In *Romo,* there was testimony by the officer of the following:

that he was driving to work on Avenue A in Lubbock when he encountered appellant, *who was driving 'erratically'* and at a high rate of speed. *Appellant approached [the officer] from the rear, and then passed in a way that forced [the officer's] car into the curb in order to avoid an accident.* [The officer] radioed the Sheriff's Office and asked them to contact the Lubbock Police Department. He continued to follow appellant and clocked appellant's car at 70 miles an hour in a 55 mile an hour zone. *Appellant's car was weaving across the center lane and on to the shoulder of the road.*

*Romo,* 577 S.W.2d at 252 (emphasis added).

The court held that " '[a] citizen other than a police officer may make an arrest without a warrant for a misdemeanor offense when it is a breach of the peace.' " *Id.* at 253, citing *Heck v. State,* 507 S.W.2d 737 (Tex.Crim.App.1974); TEX.CODE CRIM. PROC.ANN. art. 14.01(a) (Vernon 1977). Further, the court concluded that since being drunk in a public place is a breach of the the peace, *Heck,* 507 S.W.2d 737, then "appellant was committing a breach and ... [the officer] was authorized to arrest." *Romo,* 577 S.W.2d at 253.

Clearly, the *Romo* decision was based on the fact that the arresting officer perceived that the appellant was driving while intoxicated; in fact, the officer only stopped the appellant upon being instructed to do so by a trooper with whom the officer was in constant contact and to whom the officer had reported witnessing appellant's erratic and hazardous mode of driving.

In the present case, there is nothing in the record to suggest that the officer stopped the appellant for committing a breach of the peace. In fact, the traffic case report summary merely states the following:

[Officer Caruso] is a Hill Country Village Police Officer and was on duty in a marked Hill Country Village Police ve-

hicle. [Officer Caruso] observed [appellant] driving northbound on US 281 N at a high rate of speed. [Officer Caruso] clocked vehicle at over 70 m.p.h. Speed limit at location is 55 m.p.h. [Officer Caruso] observed vehicle take the Thousand Oaks exit. [Officer Caruso] said vehicle almost hit retainer wall. [Officer Caruso] stopped vehicle in 16200 US 281 N. Arresting officer was then notified to go to location.

When I [Officer Shaw] arrived, [appellant] was standing outside of his vehicle with [Officer Caruso]. [Appellant] was handcuffed. [Appellant] had a strong odor of alcohol on his breath. [Appellant] also leaned against my patrol car to maintain his balance.

[Appellant] agreed to take breath test. [Appellant's] vehicle was impounded at the downtown pound.

[Appellant] took breath intoxilyzer, then was booked for D.W.I.

Although the record is silent as to why Officer Caruso stopped appellant, during the hearing on the motion to suppress, the State argued the following:

Also, 6701(d), Section 153, 'Any peace officer is authorized to arrest without a warrant any person found committing a violation of any provision of this act.' *It's my understanding that speeding generally is a violation of 6701(d). And the officer had clocked him going 70 miles per hour in a 55 mile per hour zone. And the statute also provides that a person should not be speeding in a speed that is not reasonable under the circumstances. And that would be enough basis for him to make an arrest under 6701(d).*

(Emphasis added.) No other justification, other than speeding, was given for the stop.

On appeal, the State asserts that the "appellant was ... arrested for a breach of the peace which occurred within the officer's view," based on the fact that the officer observed the appellant speeding, and nearly hit a retainer wall.

Nevertheless, we note that in *Perkins*, the Texas Court of Criminal Appeals ex-

pressly rejected the notion that violations of traffic regulations are breaches of the peace:

The Court of Appeals points out that [the officer] saw appellant speed and run a red light. Only after speaking to appellant did [the officer] determine appellant was intoxicated. However, *the reasons for the initial detention, speeding and running a red light, are not breaches of the peace. Therefore Art. 14.01(a) V.A.C.C.P. is not applicable.*

*Perkins*, 812 S.W.2d at 329 n. 4.

Considering the evidence and arguments at the pretrial hearing, it is evident that the State and the court relied on the offense of speeding to justify the warrantless arrest. Although the State now argues differently on appeal, it is clear that speeding is not a breach of the peace. *Perkins*, 812 S.W.2d at 329 n. 4.

In view of 1) the fact that Texas courts have held that warrantless searches are per se unreasonable, 2) the similarities to the present case found in *Perkins* and *Preston*, 3) the limits imposed by the legislature upon class "C" municipalities, and 4) the inapplicability of art. 14.01(a), we find that Officer Caruso did not have authority, under the specific facts presented in this case, to make a warrantless arrest while outside the corporate limits of Hill Country Village, Bexar County, Texas. *McVea*, 635 S.W.2d at 432. Further, because appellant's conviction for driving while intoxicated was based on evidence derived from an invalid warrantless arrest, we find that the trial court committed reversible error in denying appellant's Motion to Suppress. TEX.R.APP.P. 81(b)(2).

Appellant's point is sustained.

The judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.