**Judith Lynn ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–01252–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Discretionary Review Refused
Feb. 16, 1994.

Tom Konald Moran, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

**OPINION**

ELLIS, Justice.

Appellant, Judith Lynn Robinson, appeals her judgment of conviction for possession of marihuana in the amount of less than two ounces. TEX.HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1) (Vernon 1992). After the court overruled appellant's motion to suppress, she pled guilty. The court assessed punishment at 180 days in the Harris County Jail, probated for one year, and a $250 fine. We reverse.

Appellant was the passenger in a car that was stopped by Airport Police Officer, Lt. Richard Davis, for running a stop sign and a red light. During the stop, Officer Davis shined his flashlight into the car and saw a small bag containing a green leafy substance next to appellant's purse. Appellant later made a statement to the officer that the marihuana belonged to her and that the driver of the car had no knowledge of it. Appellant moved to have both the marihuana and the statement suppressed.

During the motion to suppress hearing, Officer Davis testified as to the intersections

where the traffic violations occurred. He stated that the first violation occurred at the intersection of Richey and Farrel and that the second one occurred at Richey and Aldine–Westfield. On cross-examination, he was shown a key map that was agreed to be an accurate depiction of what it purported to be. When asked to mark where the first violation occurred, the officer stated that the streets, Richey and Farrel, did not cross on the map. In other words, the streets were parallel. When marking the second intersection, Richey and Aldine–Westfield, Officer Davis testified that he understood that intersection to be within the Houston city limits. However, the defense exhibit of the map itself depicts the intersection outside of the Houston city limits. Officer Davis also testified that his jurisdiction as an airport police officer is limited to the city of Houston.

Appellant asserts a sole point of error: the trial court erred in overruling her motion to suppress evidence. Specifically, appellant complains that the marihuana seized as a result of the stop and the statement made during the stop should be suppressed because they resulted from an improper stop.

■ The trial judge is the exclusive trier of fact at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990). In reviewing the trial court's ruling on a motion to suppress, the appellate court does not engage in its own factual review, but decides whether the trial judge's fact findings are supported by the record. *Id.* The trial court's ruling cannot be disturbed absent a clear abuse of discretion. *Dancy v. State*, 728 S.W.2d 772, 777 (Tex.Crim.App.), *cert. denied*, 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987).

■ Our review of the record indicates that the trial court abused its discretion in overruling the motion to suppress. In *Perkins v. State*, 812 S.W.2d 326 (Tex.Crim.App. 1991), the court held that the City Council has the authority to limit Airport Police jurisdiction and authority. *Id.* at 328. The court interpreted the then-existing Houston city ordinance to limit Airport Police jurisdiction to the airport grounds. *Id.* at 329. In response to *Perkins*, the Houston City Council adopted Ordinance No. 91–1443 on October 2, 1991 to amend the City Code. Section 1(b) reads as follows:

> The duties and responsibilities of the airport police officers shall primarily relate to the enforcement of laws upon city airports as provided above. However, they shall have all rights, privileges, obligations and duties of any peace officer in this state *throughout the jurisdictional limits of the city* while in the actual course and scope of their employment.

(emphasis added).

The record clearly indicates that the first traffic violation occurred at an intersection that does not exist on the map and that the second violation occurred outside the Houston city limits. The Airport Police Officers did not have the authority to stop the vehicle in which appellant was the passenger for a traffic violation that occurred outside the Houston city limits. Because the stop was unlawful, any evidence seized during the stop is inadmissible and should be suppressed. Appellant's sole point of error is sustained.

Accordingly, the judgment of the trial court is reversed and the cause remanded.