**Guadalupe R. DOMINGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00292–CR.**

Court of Appeals of Texas,
El Paso.

May 9, 1996.

Opinion Overruling Rehearing July 3, 1996.

Robert V. Garcia, Jr., Odessa, for Appellant.

Dennis Cadra, County Attorney, Andrews, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

The opinion dated March 28, 1996 is withdrawn and the following opinion is substituted in its place.

Guadalupe R. Dominguez appeals his conviction for the lesser-included offense of possession of less than 28 grams of cocaine.[1] Following the trial court's denial of a pretrial motion to suppress, Appellant entered a plea of guilty pursuant to a plea bargain. In accordance with the plea agreement, the trial court found Appellant guilty and assessed punishment at four years' confinement in the Texas Department of Criminal Justice, Institutional Division, probated for four years,

and a $500 fine. We reverse and remand for a new trial.

## FACTUAL SUMMARY

Barry Cooper is a certified peace officer and is employed as a criminal investigator of the District Attorney's Office of the 70th Judicial District, which is comprised solely of Ector County.[2] Cooper testified that he is assigned exclusively to the Permian Basin Drug Task Force. While in that capacity, Cooper stopped a vehicle in Andrews County for speeding. The vehicle was occupied by the driver, Marcos Muniz, and Appellant. During the stop, Cooper noticed that Muniz and Appellant appeared unusually nervous under the circumstances, and were hesitant in answering or gave conflicting answers to routine questions. After advising Muniz that he would issue him only a warning, Cooper asked for and received consent to search the vehicle. Before searching the vehicle, Cooper conducted a pat-down weapons search of Muniz and discovered in his boot a four-inch cylindrical object wrapped in black electrical tape. Muniz told Cooper that the package contained an ounce of cocaine and Cooper immediately arrested him.

After calling for assistance, Cooper removed Appellant from the vehicle and conducted the search. Directly under the passenger seat where Appellant had been sitting, Cooper discovered a vitamin-type bottle containing two packages of cocaine. The packages were wrapped in black electrical tape like the package found in the driver's boot. Cooper arrested Appellant for possession of cocaine. Challenging Cooper's authority to make a traffic stop in Andrews County, Appellant sought to suppress the cocaine seized from the vehicle. The trial court found that Cooper acted with lawful authority in stopping the vehicle and denied the motion to suppress.

---

1. Appellant was indicted for aggravated possession of less than 200 grams of cocaine with intent to deliver. As part of the plea bargain, Appellant pleaded guilty to the lesser offense of possession of less than 28 grams of cocaine.

2. *See* Tex.Gov't Code Ann. § 24.172 (Vernon 1988) (70th Judicial District is composed of Ector

County); Tex.Gov't Code Ann. § 24.258 (Vernon 1988) (161st Judicial District is composed of Ector County); Tex.Gov't Code Ann. § 43.137 (Vernon 1988) (voters of the 70th Judicial District elect a district attorney, and district attorney for the 70th Judicial District will act as district attorney for the 161st Judicial District).

In his sole point of error, Appellant complains that the trial court erred in denying his motion to suppress. Appellant asserts that the initial stop of the vehicle in which he was riding was unlawful because Cooper was outside his geographic jurisdiction of Ector County. Acknowledging that Cooper is an agent of the Permian Basin Drug Task Force, he argues that prosecuting attorney's investigators are not "law enforcement officers" as defined by Chapter 362 of the Government Code nor under the terms of the agreement creating the Task Force. He reasons, therefore, that Cooper lacked the region-wide jurisdiction granted to such officers.

The State first argues that Appellant lacks standing as a mere passenger to challenge the search of the vehicle. It also contends that because Cooper is a peace officer assigned to the Task Force, his jurisdiction extends to Andrews County. Alternatively, it argues that even if the initial detention is unlawful, the driver's consent to search is sufficiently attenuated from the primary illegality so that the exclusionary rule does not require suppression of the evidence.

### STANDARD OF REVIEW

■ The trial court is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Morris v. State*, 897 S.W.2d 528, 530 (Tex.App.—El Paso 1995, no pet.h.). As a reviewing court, we do not perform our own factual review, but simply decide whether the trial court's findings are supported by the record; if so, we do not disturb the trial court's factual determinations, but we do address the question of whether the trial court improperly applied the law to the facts. *Romero*, 800 S.W.2d at 543; *Morris*, 897 S.W.2d at 530. If the trial court's decision is correct on any theory of law applicable to the case, we must sustain it. *Romero*, 800 S.W.2d at 543; *Morris*, 897 S.W.2d at 530. This principle holds true although the trial judge gives an erroneous reason for his decision. *Cardwell v. State*, 890 S.W.2d 563, 565 (Tex.App.—El Paso 1994, pet.ref'd).

### STANDING

■ We must first address the State's contention that Appellant, as a mere passenger with no reasonable expectation of privacy in the vehicle, lacks standing to complain of the search of the vehicle. A mere passenger may challenge the search of a vehicle in which he was riding if the search resulted from an infringement of his own Fourth Amendment rights. *See Metoyer v. State*, 860 S.W.2d 673, 677 (Tex.App.—Fort Worth 1993, pet.ref'd). In *Lewis v. State*, 664 S.W.2d 345 (Tex.Crim.App.1984), the Court of Criminal Appeals determined that a defendant who challenges the validity of the initial stop of a vehicle in which he was a passenger questions infringement of his own Fourth Amendment rights, regardless of whether he has an expectation of privacy in the place to be searched. *Id.* at 348. Thus, Appellant has standing to question the admissibility of the fruits of the search if the initial stop were unlawful. *See Metoyer*, 860 S.W.2d at 677.

### GENERAL GEOGRAPHIC JURISDICTION OF PROSECUTING ATTORNEY'S INVESTIGATOR

■ An investigator of the office of a district attorney, criminal district attorney, or county attorney is a peace officer. Tex. Code Crim.Proc.Ann. art. 2.12(5)(Vernon Supp.1996). It is the duty of every peace officer to: (1) use all lawful means to preserve the peace *within his jurisdiction;* (2) prevent or suppress crime; (3) execute all lawful process issued to him by any magistrate or court; (4) give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law; and (5) arrest offenders without warrant in every case where he is authorized by law. Tex.Code Crim.Proc.Ann. art. 2.13 (Vernon 1977). Both common law and statutory law limit a peace officer's authority to his own geographic jurisdiction. *See Thomas v. State*, 864 S.W.2d 193, 195 (Tex.App.—Texarkana 1993, pet. ref'd). Generally, a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the func-

tions of his office. *Id.* at 196.[3] In order to determine the geographic jurisdiction of an investigator appointed by a prosecuting attorney, we must look to the power, rights, and authority of the prosecuting attorney. It is the principal duty of district and county attorneys to investigate and prosecute the violation of all criminal laws. *See Shepperd v. Alaniz,* 303 S.W.2d 846 (Tex.Civ.App.— San Antonio 1957, no writ); TEX. CONST. art. V, § 21. A prosecutor's geographic jurisdiction to carry out this duty is statutorily limited to the prosecutor's district or county. *See generally* TEX.CODE CRIM.PROC.ANN. art. 2.01 (district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom); TEX.CODE CRIM.PROC.ANN. art. 2.02 (county attorney shall attend terms of court in his county below the grade of district court and shall represent the State in all criminal cases under examination or prosecution in said county). It follows that an investigator appointed by a district attorney has geographic jurisdiction co-extensive with that of the district attorney unless provided otherwise by law. In this case, the prosecuting attorney's district is composed solely of Ector County. Thus, Cooper's jurisdiction, in his capacity as an investigator of the District Attorney's Office, is limited to Ector County, unless provided otherwise by law.

### AUTHORITY AND JURISDICTION OF PROSECUTING ATTORNEY'S INVESTIGATOR TO MAKE WARRANTLESS ARRESTS

■ A peace officer is authorized to arrest without a warrant any person who commits an offense in his presence or within his view. TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977); *see also* TEX.TRANSP. CODE ANN. § 543.001 (Vernon Pamph.1996) (former TEX.REV.CIV.STAT.ANN. art. 6701d, § 153) (authorizes any peace officer to arrest without warrant any person found committing a violation of the traffic laws). While these provisions seem to grant peace officers

unlimited geographic jurisdiction for making warrantless arrests committed in their presence or within their view, the Court of Criminal Appeals has determined that a peace officer can make a warrantless arrest only within his geographic or territorial jurisdiction. *Angel v. State,* 740 S.W.2d 727 (Tex. Crim.App.1987). If a statute granting authority to act does not define the geographic scope within which a peace officer may act, then that geographic scope must find its source in some other statute or be controlled by the common law. *Angel,* 740 S.W.2d at 732; *see State v. Carroll,* 855 S.W.2d 128, 129 (Tex.App.—Austin 1993, no pet.); *Finley v. State,* 809 S.W.2d 909, 913 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *see also Perkins v. State,* 812 S.W.2d 326 (Tex.Crim. App.1991); *Reichaert v. State,* 830 S.W.2d 348 (Tex.App.—San Antonio 1992, pet. ref'd).

Section 41.109(a) of the Government Code sets forth the authority of investigators appointed by a prosecuting attorney to make arrests and execute process:

> An investigator appointed by a prosecuting attorney has the same authority as the sheriff of the county to make arrests anywhere in the county and to serve anywhere in the state warrants, capiases, subpoenas in criminal cases, and all other processes in criminal cases issued by a district court, county court, or justice court of this state.

TEX.GOV'T CODE ANN. § 41.109(a) (Vernon 1988).

■ A county sheriff's jurisdiction to conduct investigations and make arrests is county-wide. TEX.CODE CRIM.PROC.ANN. art. 2.17 (sheriff is conservator of the peace in his county); *Finley,* 809 S.W.2d at 913; *Landrum v. State,* 751 S.W.2d 530, 531 (Tex. App.—Dallas 1988, pet. ref'd); TEX. ATT'Y.GEN.OP. DM–77 (1992) (authority of sheriff to make arrests or conduct investigations does not extend beyond county). Thus, a prosecuting attorney's investigator possesses county-wide jurisdiction to make warrant-

---

**3.** One exception to this rule is found in TEX.CODE CRIM.PROC.ANN. art. 14.03(d) (Vernon Supp.1996), which provides that a peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the

officer's presence or view, if the offense is a felony, a violation of Chapter 42 of the Penal Code, a breach of the peace, or an offense under Section 49.02 of the Penal Code. As will be seen, this exception is inapplicable here.

less arrests.[4] Because Cooper's geographic jurisdiction to make warrantless arrests does not extend to Andrews County, and the offense committed is neither a felony nor a breach of the peace, Cooper acted outside his jurisdiction in making the traffic stop at issue here.

### AUTHORITY UNDER TASK FORCE AGREEMENT

■ We must next determine whether Cooper, by virtue of his assignment to the Permian Basin Drug Task Force, has additional geographic jurisdiction which extends to Andrews County. Chapter 791 of the Texas Government Code provides general authority for local governments to contract with one another to perform certain governmental functions including police protection and detention services. *See* TEX.GOV'T CODE ANN. §§ 791.011 and 791.003(3)(A) (Vernon 1994). The Permian Basin Drug Task Force is a mutual aid law enforcement task force formed by written agreement pursuant to Chapter 362 of the Texas Local Government Code. Both Andrews and Ector counties are participating members in the Task Force.

Pertinent to this appeal, Section 362.002 provides:

(b) A county, municipality, or joint airport may, by resolution or order of its governing body, enter into an agreement with a neighboring municipality, joint airport, or contiguous county to form a mutual aid law enforcement task force to cooperate in criminal investigations and law enforcement. *Peace officers employed by counties, municipalities, or joint airports covered by the agreement have only the additional investigative authority throughout the region as set forth in the agreement.* The agreement must provide for the compensation of peace officers involved in the activities of the task force.

(c) *A law enforcement officer employed by a county, municipality, or joint airport*

*that is covered by the agreement may make an arrest outside the county, municipality, or joint airport in which the officer is employed but within the area covered by the agreement.* The law enforcement agencies of the area where the arrest is made shall be notified of the arrest without delay, and the notified agency shall make available the notice of the arrest in the same manner as if the arrest were made by a member of that agency. [Emphasis added].

TEX.LOC.GOV'T CODE ANN. § 362.002(b), (c) (Vernon 1988).

While a law enforcement officer regularly employed by one county is in the service of another county under an agreement provided for by Chapter 362, the officer has all the powers of a regular law enforcement officer of that county as fully as if the officer were in the county where regularly employed. TEX.LOC.GOV'T CODE ANN. § 362.003. Of particular significance to this appeal, the term "law enforcement officer" is specifically defined to mean "a municipal police officer, sheriff, deputy sheriff, constable, deputy constable, marshal, deputy marshal, or a police officer of a joint airport who has been commissioned as a peace officer under the laws of this state." TEX.LOC.GOV'T CODE ANN. § 362.001(2).

Because Section 362.001(2) does not include a prosecuting attorney's investigator within the definition of "law enforcement officer," Section 362.003 does not apply to extend Cooper's jurisdiction to Andrews County. Further, even though Section 362.002(b) appears to permit cooperating entities to form a mutual aid task force comprised of *peace officers* and the written agreement may provide for those peace officers to have additional investigative authority throughout the region, nothing in the Task Force agreement confers region-wide jurisdiction upon "peace officers" to make arrests or conduct criminal investigations.[5] To the contrary,

---

4. Presumably, an investigator appointed by a prosecuting attorney whose district consists of more than one county would have county-wide authority to make warrantless arrests in each county in the district.

5. The agreement provides: "When law enforcement officers regularly employed by one party to this agreement are in another party's jurisdictional area and such officer is acting pursuant to this agreement's terms, that officer shall have the same authority and power as a law enforcement

the agreement is limited to "law enforcement officers." Therefore, we conclude that neither Chapter 362 of the Local Government Code nor the Task Force agreement provide Cooper with the authority to make a traffic stop in Andrews County. For these reasons, Cooper's initial stop of the vehicle was unlawful. *See Robinson v. State,* 866 S.W.2d 649, 650 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (holding stop of vehicle for traffic offense by airport police officer outside his jurisdiction was unlawful).

### ATTENUATION OF THE TAINT

■ The State argues that any taint from the unlawful stop is sufficiently attenuated from the subsequent consent given by the driver so that the exclusionary rule does not require suppression of the evidence. This argument presumes that Cooper's activities following the traffic stop were lawful. As already noted, Cooper's geographic jurisdiction is limited to Ector County. This limitation on his authority to act would include not only the ability to make a warrantless arrest for a traffic violation, but would also include the power to conduct a criminal investigation, at least in the manner undertaken here. Therefore, we conclude that because Cooper lacked authority to engage in custodial questioning of Muniz and Appellant, obtain Muniz's consent to search, frisk Muniz for weapons, and to search the vehicle, there is no attenuation. The subsequent seizure of cocaine from the vehicle is a fruit of the poisonous tree which must be excluded. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, (1963); TEX.CODE CRIM.PROC. ANN. art. 38.23(a) (Vernon Supp.1996); *see Robinson,* 866 S.W.2d at 650. Point of Error No. One is sustained.

Having sustained Appellant's sole point of error, the order of the trial court denying the motion to suppress is reversed; further, the trial court's judgment is reversed and remanded for a new trial.

officer of such other party's jurisdiction. Each participating entity herein agrees to assume all costs and all responsibility for: The individual law enforcement officer; other persons which are directly employed by such entity; and for the activities of such individuals directly employed by such entity, regardless of where any official

### OPINION ON MOTION FOR REHEARING

In its motion for rehearing, the State contends the Court erred in not fully addressing its argument that the Task Force agreement must be construed in light of both Chapter 791 of the Texas Government Code and Section 362.001 of the Texas Local Government Code. We believe that we impliedly rejected the State's argument in our original opinion. While we will more fully set forth our reasoning in this regard, our opinion of May 9, 1996 stands unchanged. Accordingly, the State's motion for rehearing is overruled.

As noted by the State, the relevant agreement states on its face that the interlocal cooperative agreement is entered into pursuant to Article 4413(32c) of the Revised Civil Statutes (the predecessor of Chapter 791 of the Government Code) and Section 362.001 of the Texas Local Government Code. As noted in footnote 5 of our prior opinion, the agreement provides:

> When law enforcement officers regularly employed by one party to this agreement are in another party's jurisdictional area and such officer is acting pursuant to this agreement's terms, that officer shall have the same authority and power as a law enforcement officer of such other party's jurisdiction. Each participating entity herein agrees to assume all costs and all responsibility for: The individual law enforcement officer; other persons which are directly employed by such entity; and for the activities of such individuals directly employed by such entity, regardless of where any official services are performed. No entity participating herein shall in any manner incur any cost or other liability for the acts of individual personnel/officers, except as above. All participating entities hereby waive any claim of reimbursement for services its individual officers may perform in accordance herewith.

services are performed. No entity participating herein shall in any manner incur any cost or other liability for the acts of individual personnel/officers, except as above. All participating entities hereby waive any claim of reimbursement for services its individual officers may perform in accordance herewith."

The dispute in this case revolves around the meaning of the term "law enforcement officer" as that term is used in the Task Force agreement. The State recognizes that an investigator employed by a district attorney's office does not come within the definition of "law enforcement officer" found in Section 362.001(2).[1] It argues, however, that because the Task Force was also created pursuant to Chapter 791, which does not contain a limiting definition of "law enforcement officer", and because the agreement does not expressly adopt the definition of "law enforcement officer" found in Section 362.001(2), the reference to "law enforcement officer" in the agreement refers to any peace officer who is employed by a party to the agreement. Thus, it reasons that the agreement expressly grants extraterritorial jurisdiction to Cooper because he is a certified peace officer employed by a party to the agreement. We disagree.

As stated in our prior opinion, Chapter 791 of the Texas Government Code provides general authority for local governments to contract with one another to perform certain governmental functions including police pro-tection and detention services. *See* TEX. GOV'T CODE ANN. §§ 791.011 and 791.003(3)(A) (Vernon 1994). While the State is correct that nothing in Chapter 791 limits the definition of "law enforcement officer",[2] we cannot ignore the definition found in Section 362.001(2) since the agreement was expressly entered into pursuant to *both* Section 362.001 and Chapter 791. The parties to the agreement chose to form the Task Force pursuant to Section 362.001 and used the statutorily defined term "law enforcement officer" in describing which officers can act outside the boundaries of their normal jurisdictional limits. Because nothing in the agreement indicates that the parties did not intend to be bound by the statutory definition, we cannot construe the agreement otherwise. Accordingly, the State's motion for rehearing is overruled.

---

1. Section 362.001(2) defines the term "law enforcement officer" to mean "a municipal police officer, sheriff, deputy sheriff, constable, deputy constable, marshal, deputy marshal, or a police officer of a joint airport who has been commissioned as a peace officer under the laws of this state." TEX.LOC.GOV'T CODE ANN. § 362.001(2) (Vernon 1988).

2. In fact, the term is not used anywhere in Chapter 791.