NO. 07-01-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 3, 2002

_____


AARON LYNN KINCANON
AKA AARON LYNN KINCANNON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 8470; HONORABLE JOHN W. LAGRONE, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Aaron Lynn Kincanon appeals from his conviction for driving while intoxicated. He urges that the trial court erred in (1) failing to have the indictment read to the jury and failing to state appellant's plea thereto; and (2) refusing to instruct the jury to disregard evidence obtained in violation of appellant's constitutional rights. We affirm.

BACKGROUND

At about 9:45 p.m. on December 30, 1999, appellant was driving west on the westbound shoulder of State Highway 136 in Hutchinson County. Department of Public Safety trooper Darrin Bridges was driving east on Highway 136 when he passed appellant's car and observed that appellant's car was driving slowly on the shoulder. Bridges turned his vehicle around, noted that appellant's car had stopped, and pulled in behind appellant's car. Bridges activated his video recorder, exited his vehicle and approached the driver's side of appellant's car to inquire if appellant needed assistance. Appellant looked up at Bridges. Bridges noted, among other matters, the strong odor of alcohol coming from the car and that appellant's eyes were bloodshot. Bridges then initiated an investigation into whether appellant had been driving while intoxicated. The ensuing events led to appellant's being charged with DWI and indicted for and convicted of felony DWI. The jury assessed his punishment at incarceration for 60 years.

Appellant urges two issues on appeal. Issue one asserts that the trial court violated provisions of TEX. CRIM. PROC. CODE ANN. art. 36.01(a) 1, 2 (Vernon Supp. 2002),[1] because at the beginning of trial the indictment was not read to the jury and appellant's plea of not guilty was not stated. Issue two asserts that some evidence was presented that appellant's constitutional rights were violated by trooper Bridges' improperly initiating a traffic stop of appellant's vehicle, and that pursuant to CCP art. 38.23, the trial court should have instructed the jury that the jury was to disregard any evidence obtained in violation

_____

[1] Reference to a provision of the Code of Criminal Procedure hereafter will be by reference to "CCP art. _."

2

of appellant's constitutional rights under either the Fourth Amendment to the United States Constitution or Article 1, § 9 of the Texas Constitution. We consider the issues in the order presented by appellant.

## ISSUE 1: FAILURE TO READ THE INDICTMENT
## AND STATE THE PLEA

The State responds to appellant's first issue in three ways. First, the State says that although the reporter's record does not affirmatively show a reading of the indictment and stating of appellant's not guilty plea at the beginning of trial, the record does not affirmatively show that the indictment was *not* read and that appellant's plea was *not* received. Furthermore, other portions of the record, including the judgment, recite that the indictment was read and appellant's plea was stated to the jury. Second, the State asserts that the error, if any, was not preserved. Third, the State maintains that if the error occurred, and if it was preserved, then it was harmless under TEX. R. APP. P. 44.2(b),[2] and must be disregarded. In support of its harmless error analysis, the State notes, in part, that (1) appellant did not assert at trial that either appellant or the jury members were unaware of what he was on trial for, (2) the prosecutor read the indictment to the jury venire during *voir dire*, and (3) the court's charge instructed the jury that appellant had pled not guilty.

---

[2]Reference to a provision of the Rules of Appellate Procedure hereafter will be by reference to "TRAP _."

CCP art. 36.01 prescribes the procedural order which *should* be followed in a criminal trial, but the statute does not *mandate* such order or proceeding. See Cantu v. State, 939 S.W.2d 627, 646 (Tex.Crim.App. 1997). The failure to follow the provisions of CCP art. 36.01 is subject to harmless error analysis. Id. Moreover, without a timely objection to the trial court's failure to follow the statutory provisions, error is not preserved. Id.

An error other than a constitutional error must be disregarded if the error does not affect substantial rights. See TRAP 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

Appellant did not timely object in the trial court that the indictment was not read to the jury or that his plea was not timely stated. He did not in the trial court and does not on appeal claim that (1) either he or the jury was unaware of the crime with which he was charged, or (2) the court's charge was in error as to the crime charged, its elements, or his plea.

The State's attorney read part of the indictment and summarized part of the indictment alleging prior DWI convictions during *voir dire* of the venire. The State set out the crime with which appellant was charged during its opening statement. Appellant stipulated to prior DWI convictions alleged in the indictment and that stipulation was made known to the jury without objection.

We conclude that the failure to read the indictment and to state appellant's not guilty plea to the jury, even if those omissions occurred, did not substantially and injuriously affect or influence the jury's verdict. See TRAP 44.2(b); Cantu, 939 S.W.2d at 646. The alleged error was harmless. Moreover we conclude that the error was not preserved for our review. See Cantu, 939 S.W.2d at 646. We overrule appellant's first issue.

ISSUE 2: THE JURY CHARGE

Appellant's second issue relies on his assertion that Bridges initiated a traffic stop of appellant's vehicle. From that interpretation of the evidence he claims that some evidence showed the stop to be unconstitutional and that CCP art. 38.23 entitled him to an instruction that the jury was to disregard any evidence obtained in violation of appellant's rights under the Fourth Amendment to the United States Constitution or Article 1, § 9 of the Texas Constitution. See Stoutner v. State, 36 S.W.3d 716, 720 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd).

The Fourth Amendment protects persons from unreasonable searches and seizures. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Elkins v. United States, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960); Davis v. State, 947 S.W.2d 240, 242 (Tex.Crim.App. 1997). If a traffic stop violates the Fourth Amendment reasonableness standard, and thus is unlawful, evidence resulting from the stop and any subsequent search is tainted and inadmissible. See United States v. Roberson, 6 F.3d 1088, 1092 (5th Cir. 1993); Robinson v. State, 866 S.W.2d 649, 650 (Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). Article I, § 9 of the Texas Constitution

5

does not encompass a more stringent standard than the Terry standard which is used to evaluate a temporary investigative stop by a police officer. See Rhodes v. State, 945 S.W.2d 115, 117 (Tex.Crim.App. 1997).

A police officer has the same right as any citizen to approach and engage persons in consensual conversation or to ask questions. See State v. Velasquez, 994 S.W.2d 676, 678 (Tex.Crim.App. 1999). Such action by an officer does not involve the other person's constitutional rights unless the conversation progresses to a "detention." Id.[3]

In his brief, appellant states that appellant's vehicle was stopped on the side of the road, and does not reference the record to any action taken by Bridges to cause the stop. Nor does our examination of the record reveal such evidence. Rather, the record shows that Bridges turned around without activating his flashing lights and pulled in behind appellant's already-stopped car. Bridges then approached the car, asked appellant if he needed help, immediately detected the odor of alcohol coming from appellant's car, noted that appellant had bloodshot eyes, and proceeded with an investigation for DWI.

The record evidences only a consensual encounter between trooper Bridges and appellant, at least up to the point when Bridges detected the odor of alcohol and other indicia of what he considered possible DWI by appellant. Such evidence does not directly or by inference implicate appellant's constitutional rights in regard to an investigatory traffic

---

[3]An individual has the right to ignore a police officer who, without reasonable suspicion or probable cause such as would justify a detention, approaches and attempts to engage in conversation. See Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000).

6

stop, see Velasquez, 994 S.W.2d at 678, because Bridges did not initiate a stop of appellant's vehicle. Since the record contains no evidence that Bridges initiated a stop of appellant's vehicle in violation of appellant's constitutional rights, appellant was not entitled to the instruction he requested. See Stoutner, 36 S.W.3d at 720. We overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Phil Johnson
Justice

Do not publish.