NO. 07-01-0454-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 3, 2003



______________________________




TED LLOYD LAWRENCE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,114-E; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On October 11, 2001, pursuant to a plea bargain, appellant Ted Lloyd Lawrence
pled guilty (1) to the charge of burglary of a habitation in the 108th District Court of Potter
County, Texas. The trial court honored the plea bargain and sentenced appellant to
incarceration in the Texas Department of Criminal Justice-Institutional Division, for 12
years. Appellant waived his right of appeal, but changed his mind after entry of judgment. 
He then requested permission from the trial court to appeal, filed a general notice of
appeal, filed an affidavit of indigency and requested appointment of an appellate attorney. 
The trial court denied permission to appeal and appointed appellate counsel. 

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel concludes that the jurisdiction of this court has not been invoked, and that the
appeal must be dismissed for lack of jurisdiction. Counsel thus concludes that the appeal
is frivolous. Additionally, counsel has discussed why, under the controlling authorities,
there is no arguably reversible error in the trial court proceedings or judgment. See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has likewise advised appellant of his right to file a
response to counsel's motion and Anders brief. Appellant has not filed a response,
although the record contains a copy of a handwritten letter to his appellate attorney
reflecting that appellant received a copy of the Anders brief. 

 The rules of appellate procedure applicable to the matter before us require that in
order to perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion ruled on before trial; or (c) state that
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). Dismissal of an
issue or the entire matter is appropriate unless the form of the notice of appeal is proper
to perfect appeal as to the issue or matter. See Lyon v. State, 872 S.W.2d 732, 736-37
(Tex.Crim.App. 1994). 

 A defendant's election to plead guilty or nolo contendere when based upon
erroneous advice of counsel is not done voluntarily and knowingly. See Ex parte Battle,
817 S.W.2d 81, 83 (Tex.Crim.App. 1991). An appellant may not challenge the
voluntariness of a guilty or nolo contendere plea made pursuant to a plea bargain where
the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant, however, unless the trial court grants permission to
appeal. Tex. R. App. P. 25.2 (b); see Cooper v. State, 45 S.W.3d 77, 81 (Tex.Crim.App.
2001). Thus, a Notice of Appeal from such a plea-bargained conviction and sentence
which does not state that the trial court granted permission to appeal does not invoke our
appellate jurisdiction, even as to allegations of ineffective assistance of counsel. 

 Appellant's notice of appeal does not contain allegations necessary to invoke our
appellate jurisdiction. We must, therefore, dismiss the appeal. Accordingly, the appeal
is dismissed for lack of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210
(Tex.Crim.App. 1998). Because we have no jurisdiction over the appeal except to dismiss
it, see id., we cannot and do not consider appellate counsel's Motion to Withdraw. 


 Phil Johnson 

 Chief Justice



Do not publish. 


 

 

1. Appellant asserts that he pled "no contest" instead of "guilty." For purposes of
appellate jurisdiction, the difference is immaterial. 


); Elkins v.
United States, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960); Davis v.
State, 947 S.W.2d 240, 242 (Tex.Crim.App. 1997). If a traffic stop violates the Fourth
Amendment reasonableness standard, and thus is unlawful, evidence resulting from the
stop and any subsequent search is tainted and inadmissible. See United States v.
Roberson, 6 F.3d 1088, 1092 (5th Cir. 1993); Robinson v. State, 866 S.W.2d 649, 650
(Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). Article I, § 9 of the Texas Constitution
does not encompass a more stringent standard than the Terry standard which is used to
evaluate a temporary investigative stop by a police officer. See Rhodes v. State, 945
S.W.2d 115, 117 (Tex.Crim.App. 1997).

 A police officer has the same right as any citizen to approach and engage persons
in consensual conversation or to ask questions. See State v. Velasquez, 994 S.W.2d 676,
678 (Tex.Crim.App. 1999). Such action by an officer does not involve the other person's
constitutional rights unless the conversation progresses to a "detention." Id. (3) 

 In his brief, appellant states that appellant's vehicle was stopped on the side of the
road, and does not reference the record to any action taken by Bridges to cause the stop. 
Nor does our examination of the record reveal such evidence. Rather, the record shows
that Bridges turned around without activating his flashing lights and pulled in behind
appellant's already-stopped car. Bridges then approached the car, asked appellant if he
needed help, immediately detected the odor of alcohol coming from appellant's car, noted
that appellant had bloodshot eyes, and proceeded with an investigation for DWI. 

 The record evidences only a consensual encounter between trooper Bridges and
appellant, at least up to the point when Bridges detected the odor of alcohol and other
indicia of what he considered possible DWI by appellant. Such evidence does not directly
or by inference implicate appellant's constitutional rights in regard to an investigatory traffic
stop, see Velasquez, 994 S.W.2d at 678, because Bridges did not initiate a stop of
appellant's vehicle. Since the record contains no evidence that Bridges initiated a stop of
appellant's vehicle in violation of appellant's constitutional rights, appellant was not entitled
to the instruction he requested. See Stoutner, 36 S.W.3d at 720. We overrule appellant's
second issue. 

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Do not publish. 


1. Reference to a provision of the Code of Criminal Procedure hereafter will be by
reference to "CCP art. _."
2. Reference to a provision of the Rules of Appellate Procedure hereafter will be by
reference to "TRAP _." 

3. An individual has the right to ignore a police officer who, without reasonable
suspicion or probable cause such as would justify a detention, approaches and attempts
to engage in conversation. See Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 676,
145 L.Ed.2d 570 (2000).