The CITY OF GALLATIN, Appellant,

v.

CHEROKEE COUNTY, Texas, Appellee.

No. 1426.

Court of Civil Appeals of Texas,
Tyler.

April 23, 1981.

Rehearing Denied May 21, 1981.

A. D. Henderson, John Davis, Palestine, for appellant.

Charles R. Holcomb, County Atty., Rusk, for appellee.

McKAY, Justice.

This is an appeal from the denial of temporary injunction sought by appellant City of Gallatin (city) to enjoin appellee Cherokee County (county) from violating two city ordinances.

The pertinent events leading up to this lawsuit are adequately described in the trial court's findings of fact, which we recite in part:

(1) On October 31, 1979, the Texas Department of Health issued Permit No. 1288 to Cherokee County, Texas, for the establishment and operation of a municipal solid waste disposal facility on 105.728 acres of land situated on the J. G. Dickson, J. D. Leathers and Thomas L. Langham Surveys, in Cherokee County, Texas;

(2) Between the dates of October 31, 1979, and November 6, 1979, defendant county caused county equipment to be moved in on the lands above described for site preparation work, and drainage ditches were dug, lands were partially cleared, tree stumps removed, an on-site road was constructed and the access road to the facility was widened;

(3) On November 14, 1979, the town of Gallatin became incorporated by virtue of an order declaring the results of an incorporation election by the Honorable Orvan B. Jones, County Judge of Cherokee County, Texas;

(4) On January 21, 1980, five aldermen, a mayor and a city marshall were declared duly elected officers of the town of Gallatin by order canvassing results of the election signed and made by the Honorable Orvan B. Jones, County Judge of Cherokee County, Texas;

(5) On January 22, 1980, the town of Gallatin, acting through its Board of Aldermen, enacted an ordinance prohibiting the diversion of the flow of any natural stream within the limits of said town;

(6) On January 22, 1980, the town of Gallatin, acting through the Board of Aldermen, enacted an ordinance prohibiting

certain designated persons from depositing solid wastes in a "landfill or other facility" within 2,000 feet of a natural stream or within 3,500 feet of a church, school or other public building located within the limits of said town;

(9) The municipal solid waste disposal facility of defendant Cherokee County, located on the 107.728 acres tract, was in existence on November 14, 1979, and was being operated in substantial compliance with the applicable Department of Health regulations under a permit issued by the Texas Department of Health.

An examination of the applicable Texas statutes indicates that a county has the power to designate and acquire a piece of property on which to build a solid waste disposal facility. Tex.Rev.Civ.Stat.Ann. Art. 4477–7, § 5(e) states: "[a] county may designate land areas not within the territorial limits of incorporated cities and towns as suitable for use as solid waste disposal sites." Also, Art. 4477–8, § 5, which deals with the collection, disposal and transportation of solid waste by counties, reads:

A county shall have the power and right to acquire ... and to own, maintain, use, and operate *any and all property* of any kind ... necessary or convenient to the exercise of the powers and purposes authorized by this Act. (Emphasis added).

The Legislature further granted county government the authority to select sites for public dumping in Art. 2351g–1, §§ 1 and 2:

Section 1. Commissioners Courts of the counties of the State of Texas, are hereby authorized on behalf of the counties, to acquire by easement or in fee simple, lands on which to locate public dumping and garbage disposal grounds, and to expend moneys out of the General Fund for the purpose of acquiring such easements or fee simple title, either by purchase or by condemnation.

Sec. 2. *The location of such dumping or garbage disposal grounds, and the consideration to be paid therefor, shall be a matter committed to the sound discretion of the Commissioners Courts,* taking into consideration the convenience of the people to be served, and the general health of, and the annoyance to, the community to be served by such dumping and garbage disposal grounds. (Emphasis added).

Clearly the city of Gallatin, by passing ordinances which would limit those areas which might be utilized as dumping grounds, was attempting to interfere with the county's statutory authority to place a disposal facility at the location of its choosing. Municipal ordinances must conform to limitations imposed by superior statutes, and only where the ordinance is consistent with them will it be enforced. *Bolton v. Sparks*, 362 S.W.2d 946, 950 (Tex.1962).

Furthermore, at the time the property in this case was designated as the site for the municipal solid waste disposal facility, the town of Gallatin had not yet been incorporated. Under Art. 4477–7, § 5(e), cited above, the county had the power to select the site for use as a dump since it was not within the territorial limits or extraterritorial jurisdiction of an incorporated city or town.

The trial court made conclusions of law that the ordinances in question were inconsistent with Art. 2351g–1 and Articles 4477–7 and 4477–8 in that they prohibit a county from designating and operating a municipal solid waste disposal facility within Gallatin. Also, the trial court found that the county was authorized to locate and operate a disposal plant within Gallatin under a permit from the Texas Department of Health. We concur in the trial court's finding as to these points. However, we hold that Art. 4477–7, § 6a(a)[1] is not applicable

---

1. Art. 4477–7, § 6a(a) reads:

Sec. 6a. (a) No incorporated city or town may abolish or restrict the use or operation of a *solid waste disposal site or sanitary landfill* within its limits or extraterritorial jurisdiction if the solid waste disposal site or sanitary landfill:

(1) was in existence at the time the city or town was incorporated or was in existence at the time the city or town annexed the area where it is located; *and*

to the case at hand in that the facility was not yet being operated as a disposal site when the ordinances were passed.

A trial judge has broad discretion in the granting or refusing of a temporary injunction, and his judgment on appeal will not be overturned unless the record discloses a clear abuse of discretion. *State v. Cook United, Inc.*, 469 S.W.2d 709, 711 (Tex.1971). We find no abuse of discretion in this case and affirm the trial court's judgment.

Judgment affirmed.

(2) *is operated* in substantial compliance with all applicable state and county regula-   tions. (Emphasis added).