**C.A. DOUTHIT, Appellant,**

v.

**ECTOR COUNTY, et al., Appellees.**

No. 08–87–00106–CV.

Court of Appeals of Texas,
El Paso.

Sept. 30, 1987.

Rehearing Denied Oct. 28, 1987.

Will Hadden, Hadden & Hadden, P.C., Odessa, for appellant.

Richard Bonner, Steve Hershberger, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

Plaintiff appeals from a take nothing judgment stemming from a trial before the court. We reverse and render.

Plaintiff was elected and had served as constable of Precinct Number Three in Ector County from January 1, 1977, through December 31, 1980. In 1975, the Ector County Commissioner's Court had set $1.00 per annum as salary for each and all constables within the county. Plaintiff made no request for a higher salary during his tenure. Approximately ten months after his term of office had expired, he submitted a claim for $80,500.00 to commissioner's court, which was refused, and brought suit to mandamus the commissioner's court to set a reasonable compensation.

■ Commissioner's court has the duty to set a reasonable salary for a duly elected constable. *Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex.1981).

Tex.Rev.Civ.Stat.Ann. art. 6885 (Vernon 1960) sets forth the duties of constables, to wit: (1) serve process, (2) attend court, and (3) perform all such other duties as may be required of him by law. The county local process serving was monopolized by the sheriff's office, and the Plaintiff did not attend court sessions. In *Bomer v. Ector County Commissioners Court,* 676 S.W.2d 662 (Tex.App.—El Paso 1984, writ ref'd n.r.e.), it was held that where the constables performed no work duties, they raised no issue as to the reasonableness of their salary. Unlike the facts in that case, Plaintiff placed in evidence that he responded to summons concerning thefts, murders and breaches of the peace during his tenure. The trial court made no reference to this in the findings of facts and conclusions of law. Tex.Code Crim.Pro. Ann. art. 2.13 (Vernon 1977) states that it is the duty of every peace officer to preserve the peace within his jurisdiction, to prevent or suppress crime and make arrests. A constable is a peace officer. Tex. Code Crim.Pro.Ann. art. 2.12 (Vernon 1977).

■ Although throughout his term Plaintiff accepted the $1.00 per annum, he is not estopped from subsequently claiming legal compensation. *Morrison v. City of Fort Worth,* 138 Tex. 10, 155 S.W.2d 908 (1941); *Nacogdoches County v. Winder,* 140 S.W.2d 972 (Tex.Civ.App.—Beaumont 1940, no writ); *Broom v. Tyler County Commissioners Court,* 560 S.W.2d 435 (Tex.Civ.App.—Beaumont 1977, no writ).

Defendant claims Tex. Const. art. III, sec. 53 (Vernon 1984), bars recovery. It reads as follows:

The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

However, the provision would not inhibit the award to Plaintiff of "back pay" to which he was entitled but not paid. *City of Wichita Falls v. Cox,* 300 S.W.2d 317 (Tex. Civ.App.—Fort Worth 1957, writ ref'd n.r.e.).

Defendants contend that before a writ of mandamus can issue, Plaintiff must exhaust all administrative remedies. Plaintiff did not seek redress through Ector County Salary Grievance Committee. Tex. Rev.Civ.Stat.Ann. art. 3912k, sec. 2(e) (Vernon Supp.1987). Such administrative procedure is optional to an official, but is not an exclusive or required process.

■ We find the commissioner's court abused its discretion in setting a salary of $1.00 per year. The judgment of the trial court is reversed, and judgment is hereby rendered that the trial court is ordered to mandate the commissioner's court of Ector County to establish a reasonable amount of compensation, office expense and travel expense. Tex.Rev.Civ.Stat.Ann. art. 3912k, sec. 1 (Vernon Supp.1985); *Commissioners Court of Houston County v. Rodgers,* 691 S.W.2d 753 (Tex.App.—Tyler 1985, no writ).