

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL.

June 13, 1996

The Honorable Warren Chisum
Chair
Committee on Environmental Regulation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-401

Re: Whether an independent school district located within a municipality is subject to a municipal ordinance governing garbage collection (RQ-857)

Dear Representative Chisum:

You ask whether the Pasadena Independent School District (the "school district") must comply with an ordinance of the City of Pasadena (the "city") authorizing a single vendor to collect garbage within municipal limits. You state that the school district lies partially within the city and partially within the limits of three other municipalities. The city has by ordinance contracted with a single company to collect and dispose of commercial refuse within the city.[1] The school district uses the garbage collection services of the city's franchisee within the city limits and contracts with a different vendor chosen through competitive bidding for garbage collection within the rest of the district. You state that the price charged for services within the city is more than twice as much as that charged by the vendor used in the remainder of the district. The school district estimates that it could save approximately $200,000 a year if it were to choose a vendor through competitive bidding for garbage collection within city limits. You ask whether the school district is bound by the franchise granted by the city and required to use the services of the franchisee, regardless of cost.[2]

It is within the police power of a city to adopt ordinances governing the removal of garbage. *City of Breckenridge v. McMullen*, 258 S.W. 1099, 1101 (Tex. Civ. App.--Fort Worth, 1923, no writ); *see also City of Breckenridge v. Cozart*, 478 S.W.2d 162, 165 (Tex. Civ. App.--Eastland 1972, writ ref'd n.r.e.) (because of importance of waste disposal, city could discontinue individual's water service for failure to pay garbage, and sewer service charges); 56 AM. JUR. 2D *Municipal Corporations* § 458 (1971) (tendency

---

[1] Pasadena, Tex., Ordinance 86-161 (July 29, 1986), *amended by* Pasadena, Tex., Ordinances 90-201 (Oct. 10, 1990), 92-268 (Jan. 1, 1993). The Pasadena City Code provides that an activity or enterprise will be deemed "commercial" whenever the garbage collection policies require use of certain containers owned by the city. Pasadena, Tex., Code § 14-1 (July 25, 1967). The provision relating to fees for residential and commercial garbage collection define "commercial" as "all premises from which garbage, refuse and trash and collected, except those defined as 'residential.'" *Id.* § 14-10(a)(2).

[2] You do not state whether there is any difference in services provided by the two vendors to account for the price difference.

of garbage to become source of annoyance and cause of disease justifies stringent police regulations regarding its removal). A city may grant an exclusive franchise and contract to a private company to collect, haul, and dispose of all solid waste material within the city. *Browning-Ferris, Inc. v. City of Leon Valley*, 590 S.W.2d 729, 732 (Tex. Civ. App.--San Antonio 1979, writ ref'd n.r.e.).

A municipal exercise of police power to require minimum standards of construction applies to a school district's buildings, absent legislation on the particular matter covered by the ordinance. *Port Arthur Indep. Sch. Dist. v. City of Groves*, 376 S.W.2d 330, 334 (Tex. 1964). Statutes authorizing the school board to maintain and control the public schools[3] and to contract for and superintend the construction of buildings[4] do not prevail over municipal ordinances providing for standards of construction, obtaining building permits, and inspection of the construction work by city officials. *Id.* at 334. "[T]he better rule . . . [is] that the school buildings of an independent school district are subject to the reasonable ordinances of the city." *Id.* The state chose to fulfill its duties to educate children through the local school districts and its duties to protect the health, safety, and property of the people by delegating them to the cities. *Id.* In performing its duties, the city does not usurp the school district's authority in the area of education.[5] *Id.* If the city ordinance did not prevail over school district authority, the schools might "be built so as to be inconsistent with the city's scheme of regulation and inconsiderate of the city's peculiar problems of health and safety." *Id.* at 335.

For the same reasons that a school district must comply with city building ordinances, we believe the school district must comply with the city ordinance on garbage collection that you inquire about.[6] The ordinance derives from an exercise of the city's police power to protect the public health and safety. *See McMullen*, 258 S.W. at 1011. The problem of garbage disposal and waste disposal is moreover "of paramount

---

[3]Act effective April 15, 1905, 29th Leg., R.S., ch. 124, § 168, 1905 Tex. Gen. Laws 263, 308, (codified at V.T.C.S. art. 2780), *recodified and repealed by* Act of June 2, 1969, 61st Leg., R.S., ch. 889, sec. 1, § 23.36, sec. 2(a), 1969 Tex. Gen. Laws 2735, 2954, 3024, *recodified and repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, sec. 1, § 11.151, sec. 58, 1995 Tex. Sess. Law Serv. 2207, 2227, 2498 (current version at Educ. Code § 11.151(b)).

[4]*Id.* § 84, at 284 (codified at V.T.C.S. art. 2752 (1925), *recodified and repealed by* Act of May 28, 1979, 66th Leg., ch. 729, §§ 7, 8, 1979 Tex. Gen. Laws 1795, 1796, *repealed by* Act of May 27, 1995, 74th Leg., ch. 260, § 58(a)(1), 1995 Tex. Sess. Law Serv. 2207, 2498).

[5]A city may not use its zoning powers to wholly exclude from its boundaries school facilities reasonably located there. *Austin Indep. Sch. Dist. v. City of Sunset Valley*, 502 S.W.2d 670, 672 (Tex. 1973). The school district's authority to locate school facilities overrides the police power of municipalities to zone them out, unless the school district action is unreasonable or a nuisance. *City of Addison v. Dallas Indep. Sch. Dist.*, 632 S.W.2d 771, 772 (Tex. App.–Dallas 1982, writ ref'd n.r.e.).

[6]On the basis of *Port Arthur Independent School District v. City of Groves*, this office determined that a municipal anti-smoking ordinance applied to county facilities located within the municipality. Attorney General Opinion JM-737 (1987) at 2.

importance." *Cozart*, 478 S.W.2d at 165. No Education Code provision expressly addresses garbage collection for school districts. *See* Educ. Code ch. 44, subch. B (school district purchasing procedures).[7] A city may enact reasonable measures pursuant to its police power, and the determination of reasonableness is for the city council, subject to judicial review. *See generally Douthit v. Ector County*, 740 S.W.2d 16, 19 (Tex. App.-- El Paso 1987, writ denied). We believe that the courts would require the school district to comply with the city garbage collection ordinance, assuming they found it reasonable. The reasonableness of the ordinance is a fact question, which cannot be investigated or resolved in an attorney general opinion. The cost of the service may be an element of reasonableness, depending on the other facts and circumstances of the case.

Chapter 364 of the Health and Safety Code, the County Solid Waste Control Act, is also relevant to your inquiry. The purpose of this act is to "authorize a cooperative effort by counties, public agencies, and other persons for the safe and economical collection, transportation, and disposal of solid waste to control pollution." Health & Safety Code § 364.002. Since a "public agency" includes a municipality, *id.* § 364.003(3), the act in effect codifies some of the powers of home-rule cities over the collection and disposal of solid waste. *See Cozart*, 478 S.W.2d at 165. A public agency may "(1) offer solid waste disposal service to persons in its territory; (2) require the use of the service by those persons; [and] (3) charge fees for the service . . . ." Health & Safety Code § 364.034. A "person" includes a "governmental subdivision." Gov't Code § 311.005(2).[8] A school district is therefore a "person" within the above provision.[9] The city may offer solid waste disposal service to persons in its territory, including the school district, and pursuant to section 364.034(2) of the Health and Safety Code may require the school district to use that service for its facilities within the city's boundaries. Accordingly, the school district must comply with a reasonable ordinance adopted under this provision as long as the ordinance is not inconsistent with other legislation specifically

---

[7]Section 44.031 of the Education Code, which governs purchasing by a school district, does not include any provision expressly addressing the purchase of garbage collection services. The provisions of section 44.031 therefore do not prevail over the city ordinance with respect to school district property within the city's boundaries.

[8]The County Solid Waste Control Act (the "act") as adopted defined "person" to mean "any individual, . . . political subdivision or governmental agency." Act of May 29, 1971, 62d Leg., R.S., ch. 516, § 2, 1971 Tex. Gen. Laws 1757, 1758. In 1989, the act was repealed and re-enacted as chapter 364 of the Health and Safety Code, as part of the ongoing revision of the state's general statutes without substantive change. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, §§ 1, 13, 1989 Tex. Gen. Laws 2230, 2689, 3165. The revised law omitted the source law definition of "person" because it was substantively identical to the definition of "person" in section 311.005 of the Government Code. Health & Safety Code § 364.003 revisor's note.

[9]*Lewis v. Indep. Sch. Dist.*, 161 S.W.2d 450, 452 (Tex. 1942) (school district is political corporation or subdivision of state); *see also Port Arthur Indep. Sch. Dist. v. City of Groves*, 376 S.W.2d 330, 333 (Tex. 1964) (school districts are independent political entities created by state).

governing this subject.[10]  Until the legislature expressly authorizes the school district to choose its own garbage collection service throughout the district, the district's property within the city is subject to the city ordinance.

### S U M M A R Y

The Pasadena Independent School District must comply with an ordinance of the City of Pasadena authorizing a single vendor to collect garbage within municipal limits, assuming that the ordinance is reasonable. The reasonableness of the ordinance involves the resolution of fact questions and therefore cannot be determined in an attorney general opinion.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

---

[10]You also ask more generally whether a separate political entity such as a school district is subject to a municipal ordinance governing garbage collection. We cannot provide a general answer applicable to all political entities, because the municipal ordinance will apply to a particular entity only if it is consistent with the relevant statutes. *See City of Gallatin v. Cherokee County*, 615 S.W.2d 321, 322 (Tex. Civ. App.—Tyler 1981, no writ) (city ordinances unlawfully attempted to interfere with county's statutory authority to choose location of disposal facility).