OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 28, 1999

The Honorable Bill Moore
Johnson County Attorney
2 North Main Street
Cleburne, Texas 76031

Opinion No. JC-0135

Re: Whether a county tax assessor-collector may use interest from the Motor Vehicle Inventory Tax Fund to supplement the salaries of certain full-time employees of the assessor-collector, and related questions (RQ-0079-JC)

Dear Mr. Moore:

You ask three questions about the Motor Vehicle Inventory Tax Fund established under section 23.122 of the Tax Code. TEX. TAX CODE ANN. § 23.122(b) (Vernon Supp. 1999); *see* Letter from Honorable Bill Moore, Johnson County Attorney, to Elizabeth Robinson, Chair, Opinion Committee, Attorney General's Office (June 22, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. First, you ask whether the county tax assessor-collector may use interest on the fund to supplement the salaries of full-time employees of the assessor-collector's office who administer the prepayment procedure created by section 23.122. *See* Request Letter, *supra*; Brief from Honorable Bill Moore, Johnson County Attorney, to Elizabeth Robinson, Chair, Opinion Committee, Attorney General's Office (June 22, 1999) [hereinafter "Brief"]. To the extent you ask about a prospective, not a retroactive, salary supplement, the assessor-collector may do so if the assessor-collector determines that salary supplements are a legitimate cost of administering the prepayment procedure.

Second, you ask whether the county auditor may audit the Motor Vehicle Inventory Tax Fund and interest that accrues on the fund. *See* Request Letter, *supra*. The Motor Vehicle Inventory Tax Fund and interest on that fund are subject to audit by the county auditor. *See* TEX. LOC. GOV'T CODE ANN. § 115.0035 (Vernon 1999); Tex. Att'y Gen. Op. No. DM-398 (1996) at 4. Third, you ask whether equipment purchased with interest generated on the Motor Vehicle Inventory Tax Fund is the property of the county or property of the tax assessor-collector. *See* Request Letter, *supra*. Regardless of the legal owner's identity, the equipment is under the sole control of the latter.

Section 23.122 of the Tax Code requires a motor-vehicle dealer to prepay property taxes levied against the dealer's motor-vehicle inventory. TEX. TAX CODE ANN. § 23.122(b) (Vernon Supp. 1999). Each month, a motor-vehicle dealer must deposit with the county tax assessor-collector in the county in which the inventory is located a portion of the property tax the dealer is

expected to owe for the year. *Id.* The tax assessor-collector must place the prepaid taxes in an escrow account to the dealer's (or "owner's") credit:

> (b) . . . . The money shall be deposited by the collector in or otherwise credited by the collector to the owner's escrow account for prepayment of property taxes . . . . An escrow account required by this section is used to pay property taxes levied against the dealer's motor vehicle inventory, and the owner shall fund the escrow account as provided by this subsection.
>
> (c) The collector shall maintain the escrow account for each owner in the county depository. . . . The collector shall retain any interest generated by the escrow account to defray the cost of administration of the prepayment procedure established by this section. Interest generated by an escrow account created as provided by this section is the sole property of the collector, and that interest may be used by no entity other than the collector. Interest generated by an escrow account may not be used to reduce or otherwise affect the annual appropriation to the collector that would otherwise be made.

*Id.* § 23.122(b), (c). The collector disburses funds in the escrow account to "relevant taxing units," *i.e.*, taxing units "authorized by law to levy property taxes against a dealer's motor vehicle inventory," *id.* § 23.122(a)(7), in proportion to the amount of taxes levied, *id.* § 23.122(i). The dealer may not withdraw funds from the escrow account. *Id.* § 23.122(d). *See generally* Tex. Att'y Gen. LO-98-085, at 1-2 (summarizing motor vehicle inventory tax scheme).

Interest generated by the Motor Vehicle Inventory Tax Fund escrow account is the "sole property" of the tax assessor-collector and is not subject to the control of the commissioners court. Tex. Att'y Gen. Op. No. DM-398 (1996) at 2; *accord* Tex. Att'y Gen. LO-98-085, at 5-6. It may be used only by the assessor-collector. *See* TEX. TAX CODE ANN. § 23.122(c) (Vernon Supp. 1999). The tax assessor-collector's discretion with respect to the use of the fund, however, is statutorily limited to defraying the costs of administering the tax prepayment procedure. *See id.* § 23.122(c). Whether a particular expenditure is a legitimate "cost of administration of the prepayment procedure" and is therefore a permissible use of the interest is a question of fact. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 3-4. "What constitutes a legitimate cost of administration of the prepayment program is a matter of fact upon which this office cannot opine." *Id.* at 3; *accord* Tex. Att'y Gen. LO-98-085, at 6.

We conclude in response to your first question that interest generated on the Motor Vehicle Inventory Tax Fund may be used to supplement the salaries of the assessor-collector's full-time employees who administer the prepayment program if the assessor-collector determines that salary supplements are a legitimate cost of administration under section 23.122(c). The interest may not

be used for general office expenses of the assessor-collector that are unrelated to the costs of administering the prepayment program. Tex. Att'y Gen. Op. No. DM-398 (1996) at 4; *accord* Tex. Att'y Gen. LO-98-085, at 6. But the salaries of those personnel who manage or administer the prepayment program probably are related to the costs of administering the prepayment program. *See* I OXFORD ENGLISH DICTIONARY 162-63 (2d ed. 1989) (defining "administer" and "administration"); BLACK'S LAW DICTIONARY 41 (5th ed. 1979) (same). Moreover, while we find nothing expressly authorizing an assessor-collector to allocate salary supplements to assistants who administer the prepayment program, *see* TEX. LOC. GOV'T CODE ANN. §§ 151.001, .901 (Vernon 1999) (providing for appointment of deputies, assistants, clerks, and secretarial personnel of collector-assessor), we find nothing forbidding, as a matter of law, the use of Motor Vehicle Inventory Tax Fund interest for salary supplements. The assessor-collector's determination is subject to judicial review.

As you point out, *see* Brief, *supra*, at 2, a public employee may not be paid bonuses or supplements for work already performed. Article III, section 53 of the Texas Constitution prohibits paying extra compensation to a public officer, agent, servant, or contractor for services after they have been rendered. TEX. CONST. art. III, § 53; *see, e.g., Douthit v. Ector County*, 740 S.W.2d 16, 18 (Tex. App.–El Paso 1987, writ denied) (stating that article III, section 53 does not inhibit award of back pay to which employee is entitled but which employee has not received); Tex. Att'y Gen. Op. Nos. JC-26 (1999) at 1 (stating that commissioners court may not increase longevity pay retroactively); DM-129 (1992) at 3-4 (stating that benefits of sick-leave pool may be available prospectively only). The salary supplements may, therefore, be awarded only for work related to the administration of the prepayment procedure that has not yet been performed.

With regard to your second question, a county auditor is authorized and required to audit the Motor Vehicle Inventory Tax Fund, as well as interest earned on the prepaid taxes. Section 115.001(1) of the Local Government Code provides a county auditor with "continual access" to accounting books and related materials of any officer. *See* TEX. LOC. GOV'T CODE ANN. § 115.001 (Vernon 1999). Section 115.002(b) requires a county auditor, at least four times each year, to examine the county tax assessor-collector's books to verify their correctness. *Id.* § 115.002(b). Section 115.0035 further requires a county auditor to examine, at least annually, public funds subject to the control of a county official. *Id.* § 115.0035. Thus, the county auditor has express statutory authority to examine the correctness of the collector's books. *See also* Tex. Att'y Gen. Op. No. DM-398 (1996) at 4 (stating that county auditor may audit interest).

Third, you ask whether the equipment purchased with interest on the Motor Vehicle Inventory Tax Fund becomes the property of the county or of the county collector. Normally, interest follows principal, *see Phillips v. Washington Legal Found.*, 524 U.S. 156, 165, (1998); *Sellers v. Harris County*, 483 S.W.2d 242, 243 (Tex. 1972); Tex. Att'y Gen. Op. No. MW-481 (1982) at 1, unless the two are lawfully separated, *see Lawson v. Baker*, 220 S.W.260, 272 (Tex. Civ. App.–Austin 1920, writ ref'd); Tex. Att'y Gen. Op. No. JC-62 (1999) at 1.

Section 23.122 of the Tax Code appears to separate the interest from the principal, which belongs, we presume, to the relevant taxing units. *See* TEX. TAX CODE ANN. § 23.122(a)(7) (Vernon

Supp. 1999) (defining "relevant taxing unit"). Section 23.122(c) directs that the interest is the assessor-collector's "sole property," which "may be used by no entity other than the collector." *Id.* § 23.122(c). The fact that the interest is the "sole property" of the assessor-collector means that the assessor-collector, in his or her official capacity, has sole control of the money, regardless of whether the county or the tax assessor-collector legally owns the money. *See* Tex. Att'y Gen. Op. No. DM-398 (1996) at 2; Tex. Att'y Gen. LO-98-085, at 5. Any equipment purchased with the interest is solely in the control of the office of the assessor-collector, and not in the control of the county as a whole.

## S U M M A R Y

A tax assessor-collector may use interest that accrues on the Motor Vehicle Inventory Tax Fund established under section 23.122 of the Tax Code to supplement the salaries of the full-time employees who administer the prepayment program if the assessor-collector determines that salary supplements are a legitimate cost of administering the prepayment program. A county auditor must audit the Motor Vehicle Inventory Tax Fund, as well as interest earned on that fund. Any equipment that a tax assessor-collector purchases with interest earned on the Motor Vehicle Inventory Tax Fund is under the sole control of the office of the assessor-collector.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee