OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 23, 1999

The Honorable David Aken
San Patricio County Attorney
County Courthouse, Room 102
Sinton, Texas 78387

Opinion No. JC-0026

Re:   Whether the commissioners court may pay
the sheriff the same amount of longevity pay he
received as a deputy   (RQ-1216)

Dear Mr. Aken:

You have asked this office, in effect, whether the commissioners court of San Patricio County may pay the sheriff the same amount of longevity pay per month to which he was entitled as a deputy before his election to office. We conclude that, while we find no bar to the court's deciding prospectively to compensate the sheriff at the rate in question (a decision which is wholly at the court's discretion), article III, section 53 of the Texas Constitution will not permit the court to increase such longevity pay retroactively.

As we understand it, the sheriff of San Patricio County has held his current position since 1989, after serving just under twenty-three years as a law enforcement officer with the county. Letter from Honorable David Aken, San Patricio County Attorney, to Honorable Dan Morales, Texas Attorney General (Mar. 6, 1998) (on file with Opinion Committee) [hereinafter Aken letter of 3/6/98]. As a deputy sheriff, he had been entitled on the basis of that length of service to longevity pay of $100 per month. Elected officials of San Patricio County, however, are paid a maximum of $60 per month longevity pay. Accordingly, since assuming his present office the sheriff has been paid at the $60 rate. The commissioners court apparently now wishes to change the sheriff's rate of compensation to $100 per month, and is also considering, as you put it, "paying him arrearages with interest." Letter from Honorable David Aken, San Patricio County Attorney, to Sarah Shirley, Office of the Texas Attorney General (Oct. 22, 1998) (on file with Opinion Committee).

Local Government Code section 152.011 provides that the commissioners court shall "set the amount of the compensation . . . and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1988). This office has interpreted "compensation" for such purposes to include longevity pay. See Tex. Att'y Gen. LO-96-07 (county could provide longevity pay to county employees). Accordingly, the decision as to the rate of longevity pay to be granted the sheriff prospectively is for the court to make.

While the court may at its discretion increase the sheriff's rate of longevity pay, it may not pay him more for services already rendered. Article III, section 53 of the Texas Constitution forbids a county to pay "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part." This office has repeatedly opined that article III, section 53 prohibits the retroactive awarding of compensation. *See, e.g.*, Tex. Att'y Gen. LO-94-46, at 5 (county may not compensate county judge for performing tasks of emergency medical services administrator in prior fiscal year); LO-94-67, at 2 (board of directors of appraisal district may not pay bonuses to employees unless the bonus plan was approved before services were rendered); *see also* Tex. Att'y Gen. LO-94-93 (three per cent salary increase awarded five months after completion of contract violated article III, section 44, the state companion to article III, section 53).

There is a distinction between retroactive compensation for work already performed and back-pay to which an employee is entitled, but which has not been paid. *Douthit v. Ector County*, 740 S.W.2d 16, 18 (Tex. App.–El Paso 1987, writ denied). Accordingly in Letter Opinion 93-57, this office averred that article III, section 53 did not prevent the payment of a salary increase to which a jailer had become entitled a year before, but which she had not been receiving due to an oversight. Tex. Att'y Gen. LO-93-57.

However, the issue before us now can be distinguished from that in Letter Opinion 93-57. In that case, the jailer was entitled on the basis of the already-existing county pay scale to the payments she had not been receiving. Here, the sheriff has since he took office been receiving what you characterize as "the maximum rate [of longevity pay] that the County pays its elected officials." Aken letter of 3/6/98, *supra*. Since having taken office, he has, of course, been an officer and not an employee, and therefore is not entitled to the longevity pay rate due the deputies. Accordingly, any increased compensation would not be back-pay or "arrearages" which he had earned and for which he had an expectation. Therefore, such retroactive payments as you suggest might be made are not permitted by article III, section 53.

## S U M M A R Y

The commissioners court of San Patricio County may, at its discretion, adjust its rate of longevity pay for the sheriff of the county prospectively. Article III, section 53 of the Texas Constitution, however, forbids it from making such an adjustment retroactively.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General