

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 18, 2005

The Honorable Joe R. Smith
Tyler County Criminal District Attorney
Courthouse Annex
Woodville, Texas 75979

Opinion No. GA-0349

Re: Whether a constable has countywide jurisdiction to investigate a criminal offense not committed within the constable's view (RQ-0318-GA)

Dear Mr. Smith:

You ask whether a constable has countywide jurisdiction to investigate a criminal offense not committed within the constable's view.[1]

A constable is a peace officer, and therefore has the statutory duties and authority of a peace officer. TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon 2005); Tex. Att'y Gen. Op. Nos. GA-0189 (2004) at 3-4, JC-0462 (2002) at 3. As background to your question, we note that generally "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Thomas v. State*, 864 S.W.2d 193, 196 (Tex. App.–Texarkana 1993, writ ref'd). As an exception to this general rule, five categories of peace officers, constables among them, may make an arrest outside their jurisdiction without a warrant for any crimes committed in their presence or view other than certain Transportation Code offenses. See TEX. CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon 2005).[2]

You have advised a Tyler County constable that he has authority to patrol a subdivision that is outside the constable's precinct but within the county. Request Letter, *supra* note 1, at 1. You further counseled him that in other precincts of the county he may detain and arrest persons committing offenses within his view but may not "'investigate' crimes – take witness statements, perform tests, etc." outside of the constable's precinct. *Id.* Your question to us, in essence, is

---

[1]*See* Letter from Honorable Joe R. Smith, Tyler County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 7, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The Seventy-ninth Legislature has recently amended article 14.03(g) of the Code of Criminal Procedure, effective September 1, 2005, primarily with respect to municipal peace officers' authority. *See* Act of May 26, 2005, 79th Leg., R.S., S.B. 907, § 1, *and* Act of May 25, 2005, 79th Leg., R.S., H.B. 915, § 1 (both acts to be codified at TEX. CODE CRIM. PROC. ANN. art. 14.03(g)).

whether a constable's territorial jurisdiction to conduct a criminal investigation is limited to the constable's precinct, or includes the constable's entire county.

Criminal investigation is a broad concept that may include a wide range of conduct. It would not necessarily require peace officer authority to simply ask questions of members of the public.[3] On the other hand, only an authorized peace officer may execute a search warrant or conduct a warrantless investigative detention.[4] Conducting an investigation by some means, such as by using mechanical surveillance devices, requires specific statutory authority.[5] And the investigatory jurisdiction of a peace officer employed by a county, municipality, or joint airport, including constables and deputy constables, may be subject to an agreement concerning the formation of an area law enforcement task force. See TEX. LOC. GOV'T CODE ANN. §§ 362.001 (Vernon Supp. 2004-05), 362.002 (Vernon 1999). Nevertheless, as a general proposition, a peace officer's authority to investigate criminal activity is confined to the officer's geographic jurisdiction. See State v. Kurtz, 152 S.W.3d 72, 77 (Tex. Crim. App. 2004) (holding that city police officers may not make investigatory detentions outside of their jurisdiction); Tex. Att'y Gen. Op. No. DM-77 (1992) at 5 (stating that a sheriff's authority to conduct investigations does not extend beyond the sheriff's county).[6]

No single statute directly and comprehensively addresses a constable's territorial jurisdiction as a peace officer which, arguably, could be either the precinct or the county. As this office recently observed, the statutes create some constable duties that relate to the precinct, others that relate to the county. See Tex. Att'y Gen. Op. No. GA-0189 (2004) at 2-3. See also Harris County v. Walsweer,

---

[3]See, e.g., Cornealius v. State, 900 S.W.2d 731, 733-34 (Tex. Crim. App. 1995) (noting that a police officer, like any other member of the public, may address questions to citizens on the street); Bower v. State, 769 S.W.2d 887, 897 (Tex. Crim. App. 1989) (observing that, generally, "anyone [may] openly and peaceably" approach the front door of a residence "with the honest intent of asking questions of the occupant thereof– whether the questioner be a pollster, a salesman, or an officer of the law"); Jackson v. State, 968 S.W.2d 495, 499 (Tex. App.–Texarkana 1998, pet. ref'd) (holding that sheriff outside of jurisdiction has same authority as a private citizen to search premises with consent).

[4]See TEX. CODE CRIM. PROC. ANN. art. 18.04 (Vernon 2005) (search warrant must command any peace officer of the county to conduct search). An officer who has a reasonable suspicion to believe that an individual is involved in criminal activity may conduct a warrantless investigatory detention, known as a "Terry stop" from the landmark case of Terry v. Ohio, 392 U.S. 1 (1968). See Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). In Texas, only a peace officer is authorized to conduct an investigatory detention. See State v. Kurtz, 111 S.W.3d 315, 332 (Tex. App.–Dallas 2003), aff'd, 152 S.W.3d 72 (Tex. Crim. App. 2004) (holding that a private citizen does not have the authority to make an investigatory detention); Garner v. State, 779 S.W.2d 498, 501 (Tex. App.–Fort Worth 1989), pet. ref'd, 785 S.W.2d 158 (Tex. Crim. App. 1990) (holding that only a peace officer within the officer's jurisdiction may make investigatory detention).

[5]See TEX. CODE CRIM. PROC. ANN. art. 18.21, § 2(b) (Vernon 2005) (with prosecutorial assistance and court approval, a constable, among other peace officers, may seek use of a "trap and trace" electronic device, but only a commissioned DPS officer may seek to use a "pen register").

[6]Particular circumstances may prove an exception to the general rule limiting an officer's investigatory authority to the officer's territorial jurisdiction. See, e.g., Bachick v. State, 30 S.W.3d 549, 551 (Tex. App.–Fort Worth 2000, pet. ref'd) (stop in neighboring jurisdiction for traffic offense committed in police officer's jurisdiction may include investigation for other crimes).

930 S.W.2d 659, 666 (Tex. App.–Houston [1st Dist.] 1996, writ denied) (holding that a constable is both a precinct officer and a county officer). Section 86.021 of the Local Government Code lists a constable's general powers and duties. That section authorizes a constable to execute criminal process throughout the constable's county and elsewhere as provided by law. TEX. LOC. GOV'T CODE ANN. § 86.021(b) (Vernon Supp. 2004-05). The statute is otherwise silent about the territorial jurisdiction of a constable as a peace officer.

The primary source of a constable's law enforcement authority derives from the constable's status as a peace officer. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon 2005); *see also Douthit v. Ector County*, 740 S.W.2d 16, 17 (Tex. App.–El Paso 1987, writ denied) (stating that a constable, as a peace officer, has the duty "to preserve the peace within his jurisdiction, to prevent or suppress crime and make arrests"). The Code of Criminal Procedure authorizes a constable, as a peace officer, to "use all lawful means" in order "to preserve the peace within the officer's jurisdiction." TEX. CODE CRIM. PROC. ANN. art. 2.13(a) (Vernon 2005). The Code does not purport to establish the territorial jurisdiction of particular peace officers, other than sheriff. *Id.* art. 2.13; *see Brother v. State*, 85 S.W.3d 377, 383 (Tex. App.–Fort Worth 2002) (stating that the Code of Criminal Procedure does not establish peace officer territorial jurisdiction other than sheriff), *aff'd*, 166 S.W.3d 255 (Tex. Crim. App. 2005).

While no statute directly addresses whether a constable's territorial jurisdiction as a peace officer is the precinct or the county, section 86.021(c) of the Local Government Code broadly provides:

> (c) A constable expressly authorized by statute to perform an act or service, including the service of civil or criminal process, citation, notice, warrant, subpoena, or writ, may perform the act or service anywhere in the county in which the constable's precinct is located.

TEX. LOC. GOV'T CODE ANN. § 86.021(c) (Vernon Supp. 2004-05). Applying section 86.021(c) to the express statutory authority and duties of a peace officer, we concluded in Attorney General Opinion GA-0189 that "a constable's law enforcement jurisdiction includes not only the constable's precinct, but extends to the entire county." Tex. Att'y Gen. Op. No. GA-0189 (2004) at 4. *Accord Rhode v. Denson*, 776 F.2d 107, 109 (5th Cir. 1985) (stating that while the constable in the case "was constable for county precinct number four, not the entire County, he could serve process and make arrests and otherwise carry out the duties of a peace officer throughout the County"); Tex. Att'y Gen. Op. Nos. JM-761 (1987) at 3 (concluding that "constables may legally enforce traffic laws and regulations within their counties outside their respective precincts as well as within them"), O-1565 (1939) at 7 (stating that constable's law enforcement "jurisdiction is coextensive with the limits of the county").

As you note, a constable's countywide authority under section 86.021(c) of the Local Government Code is limited to acts "expressly authorized by statute," and investigating crime is not specifically described in any of the statutes. Request Letter, *supra* note 1, at 2. You conclude,

therefore, that section 86.021(c) does not give a constable the authority to investigate crimes in the county outside the constable's precinct. *Id.* However, such a construction of the statute parses too fine.

As we have established, a constable's express authority as a peace officer includes the authority to "preserve the peace . . . [by] all lawful means." *See* TEX. CODE CRIM. PROC. ANN. arts. 2.12, .13 (Vernon 2005). Also, a constable is expressly authorized "to prevent or suppress crime" according to law. *Id.* art. 2.13(b)(1). Section 86.021(c) does not deny a constable the means of engaging in such law enforcement activity in the county outside of the constable's precinct. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(c) (Vernon Supp. 2004-05).

We conclude that a constable's authority as a peace officer to investigate offenses is not limited to the constable's precinct, but extends throughout the county. However, we note that a constable is but one kind of peace officer with countywide jurisdiction, including sheriffs, *see* TEX. CODE CRIM. PROC. ANN. art. 2.17 (Vernon 2005); deputy sheriffs, *see* TEX. LOC. GOV'T CODE ANN. § 85.003(e) (Vernon 1999); investigators for county attorneys, *see Dominguez v. State*, 924 S.W.2d 950, 954 (Tex. App.–El Paso 1996, no writ); investigators for some district attorneys, *see Dominguez*, 924 S.W.2d at 954; and peace officers employed by institutions of higher learning, *see* TEX. EDUC. CODE ANN. § 51.203(b)(3) (Vernon Supp. 2004-05). Although all of these peace officers have countywide jurisdiction, each category of peace officer has a distinct law enforcement mission.

The statutes seem to anticipate that a constable will engage in law enforcement activity only as warranted by local conditions, generally focusing on the constable's own precinct. Constables' law enforcement activities must not infringe on constables' myriad statutory duties such as the mandatory duty to attend each session of the precinct's justice court and execute all civil and criminal process directed to the constable. TEX. LOC. GOV'T CODE ANN. § 86.021 (Vernon Supp. 2004-05); *see also* Tex. Att'y Gen. Op. No. JC-0413 (2001) at 2. Additionally, the allocation of resources for county law enforcement is largely a matter for the commissioners court. *See, e.g., Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992); *Vondy v. Comm'rs Court of Uvalde County*, 620 S.W.2d 104, 108 (Tex. 1981); *Douthit*, 740 S.W.2d at 17; *Bomer v. Ector County Comm'rs Court*, 676 S.W.2d 662, 665 (Tex. App.–El Paso 1984, writ ref'd n.r.e.). And by statute, the needs of a precinct are an important factor for a commissioners court to consider when it determines funding for the office. *See* TEX. LOC. GOV'T CODE ANN. § 86.011(a) (Vernon 1999) (providing that constables desiring to employ a deputy must apply to the commissioners court of the county and "show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct"); *see also* Tex. Att'y Gen. Op. No. JC-0389 (2001) (determining that a commissioners court may set different salaries for constables of different precincts based in part on the possibility that "one precinct has a greater need for law enforcement activities than does another precinct"). We reiterate that "[a]s a practical matter a constable exercising law enforcement duties will naturally focus on the precinct that elected the constable," Tex. Att'y Gen. Op. No. GA-0189 (2004) at 4. However, given the factual nature of the issue, we cannot opine about particular circumstances when it is an appropriate use of county resources for a constable to engage in investigations in another precinct of the county.

## S U M M A R Y

Pursuant to a constable's countywide jurisdiction as a peace officer, a constable generally has authority to investigate a criminal offense that was not committed within the constable's view.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee