NO. 07-01-0258-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 3, 2002



______________________________




AARON LYNN KINCANON


AKA AARON LYNN KINCANNON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8470; HONORABLE JOHN W. LAGRONE, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Aaron Lynn Kincanon appeals from his conviction for driving while
intoxicated. He urges that the trial court erred in (1) failing to have the indictment read to
the jury and failing to state appellant's plea thereto; and (2) refusing to instruct the jury to
disregard evidence obtained in violation of appellant's constitutional rights. We affirm. 


BACKGROUND

 At about 9:45 p.m. on December 30, 1999, appellant was driving west on the
westbound shoulder of State Highway 136 in Hutchinson County. Department of Public
Safety trooper Darrin Bridges was driving east on Highway 136 when he passed
appellant's car and observed that appellant's car was driving slowly on the shoulder. 
Bridges turned his vehicle around, noted that appellant's car had stopped, and pulled in
behind appellant's car. Bridges activated his video recorder, exited his vehicle and
approached the driver's side of appellant's car to inquire if appellant needed assistance. 
Appellant looked up at Bridges. Bridges noted, among other matters, the strong odor of
alcohol coming from the car and that appellant's eyes were bloodshot. Bridges then
initiated an investigation into whether appellant had been driving while intoxicated. The
ensuing events led to appellant's being charged with DWI and indicted for and convicted
of felony DWI. The jury assessed his punishment at incarceration for 60 years. 

 Appellant urges two issues on appeal. Issue one asserts that the trial court violated
provisions of Tex. Crim. Proc. Code Ann. art. 36.01(a) 1, 2 (Vernon Supp. 2002), (1)
because at the beginning of trial the indictment was not read to the jury and appellant's
plea of not guilty was not stated. Issue two asserts that some evidence was presented that
appellant's constitutional rights were violated by trooper Bridges' improperly initiating a
traffic stop of appellant's vehicle, and that pursuant to CCP art. 38.23, the trial court should
have instructed the jury that the jury was to disregard any evidence obtained in violation
of appellant's constitutional rights under either the Fourth Amendment to the United States
Constitution or Article 1, § 9 of the Texas Constitution. We consider the issues in the order
presented by appellant.

ISSUE 1: FAILURE TO READ THE INDICTMENT 

AND STATE THE PLEA

 The State responds to appellant's first issue in three ways. First, the State says that
although the reporter's record does not affirmatively show a reading of the indictment and
stating of appellant's not guilty plea at the beginning of trial, the record does not
affirmatively show that the indictment was not read and that appellant's plea was not
received. Furthermore, other portions of the record, including the judgment, recite that the
indictment was read and appellant's plea was stated to the jury. Second, the State asserts
that the error, if any, was not preserved. Third, the State maintains that if the error
occurred, and if it was preserved, then it was harmless under Tex. R. App. P. 44.2(b), (2)
 and
must be disregarded. In support of its harmless error analysis, the State notes, in part, that
(1) appellant did not assert at trial that either appellant or the jury members were unaware
of what he was on trial for, (2) the prosecutor read the indictment to the jury venire during
voir dire, and (3) the court's charge instructed the jury that appellant had pled not guilty. 


 CCP art. 36.01 prescribes the procedural order which should be followed in a
criminal trial, but the statute does not mandate such order or proceeding. See Cantu v.
State, 939 S.W.2d 627, 646 (Tex.Crim.App. 1997). The failure to follow the provisions of
CCP art. 36.01 is subject to harmless error analysis. Id. Moreover, without a timely
objection to the trial court's failure to follow the statutory provisions, error is not preserved. 
Id. 

 An error other than a constitutional error must be disregarded if the error does not
affect substantial rights. See TRAP 44.2(b). An error affects a substantial right of the
defendant when the error has a substantial and injurious effect or influence in determining
the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). 

 Appellant did not timely object in the trial court that the indictment was not read to
the jury or that his plea was not timely stated. He did not in the trial court and does not on
appeal claim that (1) either he or the jury was unaware of the crime with which he was
charged, or (2) the court's charge was in error as to the crime charged, its elements, or his
plea. 

 The State's attorney read part of the indictment and summarized part of the
indictment alleging prior DWI convictions during voir dire of the venire. The State set out
the crime with which appellant was charged during its opening statement. Appellant
stipulated to prior DWI convictions alleged in the indictment and that stipulation was made
known to the jury without objection. 

 We conclude that the failure to read the indictment and to state appellant's not guilty
plea to the jury, even if those omissions occurred, did not substantially and injuriously
affect or influence the jury's verdict. See TRAP 44.2(b); Cantu, 939 S.W.2d at 646. The
alleged error was harmless. Moreover we conclude that the error was not preserved for
our review. See Cantu, 939 S.W.2d at 646. We overrule appellant's first issue. 

ISSUE 2: THE JURY CHARGE 

 Appellant's second issue relies on his assertion that Bridges initiated a traffic stop
of appellant's vehicle. From that interpretation of the evidence he claims that some
evidence showed the stop to be unconstitutional and that CCP art. 38.23 entitled him to
an instruction that the jury was to disregard any evidence obtained in violation of
appellant's rights under the Fourth Amendment to the United States Constitution or Article
1, § 9 of the Texas Constitution. See Stoutner v. State, 36 S.W.3d 716, 720 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd). 

 The Fourth Amendment protects persons from unreasonable searches and
seizures. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Elkins v.
United States, 364 U.S. 206, 222, 80 S.Ct. 1437, 1446, 4 L.Ed.2d 1669 (1960); Davis v.
State, 947 S.W.2d 240, 242 (Tex.Crim.App. 1997). If a traffic stop violates the Fourth
Amendment reasonableness standard, and thus is unlawful, evidence resulting from the
stop and any subsequent search is tainted and inadmissible. See United States v.
Roberson, 6 F.3d 1088, 1092 (5th Cir. 1993); Robinson v. State, 866 S.W.2d 649, 650
(Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). Article I, § 9 of the Texas Constitution
does not encompass a more stringent standard than the Terry standard which is used to
evaluate a temporary investigative stop by a police officer. See Rhodes v. State, 945
S.W.2d 115, 117 (Tex.Crim.App. 1997).

 A police officer has the same right as any citizen to approach and engage persons
in consensual conversation or to ask questions. See State v. Velasquez, 994 S.W.2d 676,
678 (Tex.Crim.App. 1999). Such action by an officer does not involve the other person's
constitutional rights unless the conversation progresses to a "detention." Id. (3) 

 In his brief, appellant states that appellant's vehicle was stopped on the side of the
road, and does not reference the record to any action taken by Bridges to cause the stop. 
Nor does our examination of the record reveal such evidence. Rather, the record shows
that Bridges turned around without activating his flashing lights and pulled in behind
appellant's already-stopped car. Bridges then approached the car, asked appellant if he
needed help, immediately detected the odor of alcohol coming from appellant's car, noted
that appellant had bloodshot eyes, and proceeded with an investigation for DWI. 

 The record evidences only a consensual encounter between trooper Bridges and
appellant, at least up to the point when Bridges detected the odor of alcohol and other
indicia of what he considered possible DWI by appellant. Such evidence does not directly
or by inference implicate appellant's constitutional rights in regard to an investigatory traffic
stop, see Velasquez, 994 S.W.2d at 678, because Bridges did not initiate a stop of
appellant's vehicle. Since the record contains no evidence that Bridges initiated a stop of
appellant's vehicle in violation of appellant's constitutional rights, appellant was not entitled
to the instruction he requested. See Stoutner, 36 S.W.3d at 720. We overrule appellant's
second issue. 

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Do not publish. 


1. Reference to a provision of the Code of Criminal Procedure hereafter will be by
reference to "CCP art. _."
2. Reference to a provision of the Rules of Appellate Procedure hereafter will be by
reference to "TRAP _." 

3. An individual has the right to ignore a police officer who, without reasonable
suspicion or probable cause such as would justify a detention, approaches and attempts
to engage in conversation. See Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 676,
145 L.Ed.2d 570 (2000).


AN STYLE="font-family: Times New Roman"> James T. Campbell

 Justice




 

1. Tex. Fam. Code Ann. § 56.01(c)(1)(C) (Vernon 2002).
2. Appellant also cites Stanfield v. State, 718 S.W. 2d 734 (Tex.Crim.App. 1986),
Franco v. State, 552 S.W. 2d 142 (Tex.Crim.App. 1977) and Pierce v. State, 67 S.W. 3d
374 (Tex.App.-Waco 2001, pet. ref'd). We cannot agree that those cases stand for the
proposition that a modification of juvenile disposition under Family Code § 54.05(f) requires
a finding that the child's violation was willful.
3. Our discussion should not be taken to indicate that a trial court could not find a
violation of the conditions of a juvenile's probation based on the actions of a parent. The
legislature has declared that the public purposes of the juvenile justice system include the
provision of "treatment, training, and rehabilitation that emphasizes the accountability and
responsibility of both the parent and the child for the child's conduct." Tex. Fam. Code
Ann. § 51.01(2)(C). This case, though, does not present that question.