

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

May 19, 2004

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0189

Re: Constable's authority in the county outside of the constable's own precinct; permissible scope of interlocal agreements concerning law enforcement (RQ-0136-GA)

Dear Mr. Stafford:

You ask generally about a constable's law enforcement authority within the constable's county outside of the constable's own precinct.[1] You also ask whether an interlocal agreement between counties may authorize one county to provide law enforcement services on a toll highway that runs through the county into another county. *See* Stafford Brief, *supra* note 1, at 1.

## I. Constable's Authority in the County Outside of the Constable's Own Precinct

You ask broadly about the significance of constable precinct boundaries to a constable's authority, particularly a constable's law enforcement authority. *See id.* You state that "[t]raditionally, constables have respected boundaries and not crossed precinct lines to 'patrol and police' another constable's precinct unless circumstances required it." *Id.* at 4. Specifically, you ask:

> May a constable, pursuant to an interlocal agreement between the county and the school district, provide police services to a school district that is within the same county, where a portion of the school district lies outside his precinct but within the geographic boundaries of a neighboring constable's precinct? Would it matter if the constable who is not providing such services objects to another constable providing such services within the precinct in which the objecting constable serves?

*Id.* at 1.[2]

---

[1]*See* Brief & Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Nov. 20, 2003) (on file with Opinion Committee; Letter *also available at* http://www.oag.state.tx.us) [hereinafter Stafford Brief and Request Letter].

[2]You do not ask about a county's and a school district's authority to enter into an interlocal law enforcement agreement. *See* TEX. EDUC. CODE ANN. § 37.081(a) (Vernon 1996) (authorizing a school district to employ security

(continued...)

Constables are elected by precinct, and a county may have from one to eight justice of the peace and constable precincts. *See* TEX. CONST. art. V, § 18. Generally, a constable must reside within the precinct the constable serves. *See id.* § 18(c)-(d); *see also* TEX. ELEC. CODE ANN. §§ 141.001(a)(5) (Vernon Supp. 2003) (eligibility requirements for public office), 141.002(a) (rule for precinct officers after precinct boundary change or litigation; TEX. LOC. GOV'T CODE ANN. §§ 81.021(a) (Vernon 1999) (change in precinct boundary), 86.001 (incumbent constable's eligibility to serve after boundary change).

Local Government Code section 86.021 lists a constable's general powers and duties:

> (a) A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer. Notices required by Section 24.005, Property Code, relating to eviction actions are process for purposes of this section that may be executed by a constable.
>
> (b) A constable may execute any civil or criminal process throughout the county in which the constable's precinct is located and in other locations as provided by the Code of Criminal Procedure or any other law.
>
> (c) A constable expressly authorized by statute to perform an act or service, including the service of civil or criminal process, citation, notice, warrant, subpoena, or writ, may perform the act or service anywhere in the county in which the constable's precinct is located.
>
> (d) Regardless of the Texas Rules of Civil Procedure, all civil process may be served by a constable in the constable's county or in a county contiguous to the constable's county, except that a constable who is a party to or interested in the outcome of a suit may not serve any process related to the suit.
>
> (e) The constable shall attend each justice court held in the precinct.

TEX. LOC. GOV'T CODE ANN. § 86.021 (Vernon 1999). Other constable duties are scattered throughout the statutes. *See, e.g.*, TEX. AGRIC. CODE ANN. § 71.049(b) (Vernon 1995) (upon request, a sheriff or a constable shall accompany and assist the Department of Agriculture to enforce its notice concerning destruction of nursery products and florist items); TEX FAM. CODE ANN. § 86.003 (Vernon 2002) (sheriff, constable, or chief of police to provide assistance concerning temporary order excluding family law respondent from respondent's residence); TEX. GOV'T CODE ANN. § 62.004 (a) (Vernon 1998) (the district clerk and the sheriff or "any constable of the county" draws prospective jurors' names from the jury wheel for a justice or district court); *id.* § 62.412(c)

---

[2](...continued)
personnel and commissioned peace officers whose jurisdiction may include all district property); TEX. GOV'T CODE ANN. §§ 791.001-.032 (Vernon 1994 & Supp. 2004) (Interlocal Cooperation Act).

(a justice of the peace may require a constable to call additional jurors for a justice court); TEX. PROP. CODE ANN. §§ 92.009, 93.003 (Vernon 1995 & Supp. 2004) (a sheriff or constable must serve a writ of reentry issued by the justice court in the precinct where the rental property is located).

For present purposes it is sufficient to note that some constable duties are directly related to the constable's precinct. For example, a constable must attend justice court held in the precinct. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(e) (Vernon 1999). In a forcible entry and detainer action, "the constable of the precinct" or county sheriff has a duty to put the complainant in possession of the property under certain circumstances. TEX. R. CIV. P. 740(c). The constable of a precinct where a fire has occurred may request the state fire marshal to investigate. *See* TEX. GOV'T CODE ANN. § 417.007(a)(5) (Vernon 1998). A constable of the precinct in which the office of a political subdivision's governing body is located may be required to maintain custody of the key to the box containing voted ballots in elections concerning the political subdivision. *See* TEX. ELEC. CODE ANN. § 66.060(a)(3) (Vernon 2003). While these statutes generally require a constable to perform a duty within the precinct, other statutes impose duties that a constable may perform outside of the precinct, most notably a constable's duty to serve civil and criminal process throughout the county. *See* TEX. LOC. GOV'T CODE ANN. § 86.021(b) (Vernon 1999). Your inquiry, however, focuses on a constable's law enforcement authority within the constable's county but outside of the constable's precinct.

A constable's law enforcement authority derives primarily from the constable's status as a peace officer. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2004). As a peace officer, a constable has a duty "to preserve the peace within the officer's jurisdiction," with authority to "use all lawful means" to effect that purpose. *Id.* art. 2.13(a). Article 2.13(b) describes a peace officer's primary law enforcement duties:

> (b) The officer shall:
>
> (1) in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime;
>
> (2) execute all lawful process issued to the officer by any magistrate or court;
>
> (3) give notice to some magistrate of all offenses committed within the officer's jurisdiction, where the officer has good reason to believe there has been a violation of the penal law; and
>
> (4) arrest offenders without warrant in every case where the officer is authorized by law, in order that they may be taken before the proper magistrate or court and be tried.

*Id.* art. 2.13(b). As peace officers constables have a duty to prevent threatened injuries and death, *see id.* arts. 6.01-.07 (Vernon 1977 & Supp. 2004), assist magistrates performing their magistrate duties, *see id.* arts. 7.01-.17, and execute arrest warrants, *see id.* art. 15.16 (Vernon 1977). *See*

*generally Vondy v. Comm'rs Ct. of Uvalde County*, 714 S.W.2d 417, 421 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JC-0413 (2001).

Generally a peace officer's authority is limited to the officer's own geographic jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. arts. 2.13(a), 14.03 (Vernon Supp. 2004); *Angel v. State*, 740 S.W.2d 727, 734 (Tex. Crim. App. 1987); *Brother v. State*, 85 S.W.3d 377, 383 (Tex. App.–Fort Worth 2002, pet. filed); *McCain v. State*, 995 S.W.2d 229, 234 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd); *Dominguez v. State*, 924 S.W.2d 950, 953 (Tex. App.–El Paso 1996, no pet.).[3] Local Government Code section 86.021(c) authorizes a constable to perform all express statutory duties anywhere within the county in which the constable precinct is located. *See* TEX. LOC. GOV'T CODE ANN. § 81.021(c) (Vernon 1999). Relying on the statute's plain language, this office has determined that constables may perform law enforcement duties, including traffic law enforcement, "within their counties outside their respective precincts as well as within them." Tex. Att'y Gen. Op. No. JM-761 (1987) at 3. Consequently, a constable's law enforcement jurisdiction includes not only the constable's precinct, but extends to the entire county.

You ask whether a constable is authorized to "police and patrol" in the county outside of the constable's precinct. Stafford Brief, *supra* note 1, at 1. Although the Code of Criminal Procedure does not use those specific terms to describe a peace officer's authority, the code directs that a constable may resort to "all lawful means" to maintain the peace. TEX. CODE CRIM. PROC. ANN. art. 2.13(a) (Vernon Supp. 2004). The code largely leaves to the peace officer the determination of what lawful means are most appropriate to maintain the peace within the officer's jurisdiction. And, as we have seen, a constable's jurisdiction as a peace officer extends throughout the county.

You also ask if a constable may engage in law enforcement in another precinct of the county if the constable of that precinct objects. *See* Stafford Brief, *supra* note 1, at 1. A constable's countywide authority, whether to serve process or to maintain the peace, is not conditioned on other precinct constables' consent. When a constable exercises such authority in the county outside of the constable's precinct, it does not diminish or impinge on the other county constables' authority.

As a practical matter a constable exercising law enforcement duties will naturally focus on the precinct that elected the constable. But a constable's authority as a peace officer does not end at the precinct boundary. *See* Tex. Att'y Gen. Op. Nos. O-3969 (1941) at 3-4, O-1565 (1939) at 4-5. Consequently, the constable in the example you pose would have the statutory authority to patrol and perform other peace officer duties on school district property within the constable's county, even though a portion of the property lies partially outside the constable's precinct.

## II.    Interlocal Law Enforcement Agreement

Additionally, you ask:

> May two adjoining counties enter into an interlocal agreement for one
> of the counties to provide law enforcement services on a toll road that

---

[3] A peace officer has limited authority to make warrantless arrests outside of the officer's jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(d), (g) (Vernon Supp. 2004).

transgresses both counties' geographic boundaries? If so, must the sheriff or other law enforcement official of the county receiving the services from the providing county agree to the provision of services by the other county?

Stafford Brief, *supra* note 1, at 1, 7. You explain that under the agreement you have in mind, deputy sheriffs from one county would patrol the road on both sides of the county line and provide additional traffic law enforcement in the adjacent county. *See id.* at 7.

The Interlocal Cooperation Act permits local governments, including counties, to contract to provide certain governmental services. *See* TEX. GOV'T CODE ANN. §§ 791.001-.032 (Vernon 1994 & Supp. 2004) (chapter 791). Under the Act, "police protection and detention services" are governmental services that may be the subject of an interlocal agreement. *Id.* § 791.003(3)(A), .011(a) (Vernon Supp. 2004). An interlocal contract must be authorized by the governing body of each party to the contract. *See id.* § 791.011(d)(1). A county's governing body is its commissioners court. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27 (Tex. 2003).

Local Government Code chapter 362 also authorizes counties and other authorities to contract for cooperative law enforcement:

> (b) A county, municipality, or joint airport may, by resolution or order of its governing body, enter into an agreement with a neighboring municipality, joint airport, or contiguous county to form a mutual aid law enforcement task force to cooperate in criminal investigations and law enforcement. Peace officers employed by counties, municipalities, or joint airports covered by the agreement have only the additional investigative authority throughout the region as set forth in the agreement. The agreement must provide for the compensation of peace officers involved in the activities of the task force.

TEX. LOC. GOV'T CODE ANN. § 362.002(b) (Vernon 1999). Under section 362.002(b), like the Interlocal Cooperation Act, the governing body must authorize any agreement.

As you acknowledge, the sheriff does not have the authority to contract for the county under either statutory provision. *See* Stafford Brief, *supra* note 1, at 7; *see also* Tex. Att'y Gen. Op. No. JC-0532 (2002) at 2 (Interlocal Cooperation Act), Tex. Att'y Gen. Op. No. JC-0263 (2000) at 3 (Local Government Code chapter 362). Rather, you ask whether an interlocal agreement depends on the sheriff's consent "to allow another county's sheriff's deputies to patrol within his own jurisdiction before a commissioners court executes such an agreement." Request Letter, *supra* note 1, at 8.

The Interlocal Cooperation Act authorizes one local government to contract with another to perform only "governmental functions and services . . . that each party to the contract is authorized to perform individually." TEX. GOV'T CODE ANN. § 791.011(a), (c)(2) (Vernon Supp. 2004). As this office has observed on a number of occasions, the Interlocal Cooperation Act "does not extend

a local government's criminal law enforcement authority beyond its jurisdiction." Tex. Att'y Gen. Op. No. GA-0150 (2004) at 2; *accord* Tex. Att'y Gen. Op. Nos. JC-0530 (2002) at 5-6, JC-0219 (2000) at 5. Consequently, the Interlocal Cooperation Act does not authorize one county to exercise its law enforcement authority over a portion of a road located in another county even if the sheriffs of both counties agree.

On the other hand, the Interlocal Cooperation Act permits an agreement whereby the peace officers of one local government serve as law enforcement officers of another local government that has law enforcement authority. *See* Tex. Att'y Gen. Op. No. GA-0150 (2004) at 2. Under such an agreement, the officers providing law enforcement services are in fact officers of the local government receiving the officer's services. *See* Tex. Att'y Gen. Op. No. JC-0530 (2002) at 5-6 (city peace officers providing law enforcement services to a drainage district pursuant to interlocal agreement are in fact drainage district law enforcement officers). In the example you provide, deputy sheriffs of one county acting as peace officers in another county under an interlocal agreement would in fact be officers of the law enforcement authority of the county receiving the officer's services.

Similarly, section 362.002(b) of the Local Government Code authorizes counties to agree that the deputy sheriffs of one county may engage in law enforcement in the other county. Section 362.003(a) specifies the terms of the arrangement:

> While a law enforcement officer regularly employed by one county, municipality, or joint airport is in the service of another county, municipality, or joint airport according to this chapter, the officer is a peace officer of the latter county, municipality, or joint airport and is under the command of the law enforcement officer who is in charge in that county, municipality, or joint airport. The officer has all the powers of a regular law enforcement officer of that county, municipality, or joint airport as fully as if the officer were in the county, municipality, or joint airport where regularly employed.

Tex. Loc. Gov't Code Ann. § 362.003(a) (Vernon 1999). In other words, when the deputy sheriffs of one county patrol in another county, they are in fact officers of the latter county and are under the command of the latter county's "law enforcement officer who is in charge in that county." *Id.*

Both the Interlocal Cooperation Act and chapter 362 of the Local Government Code require approval of a law enforcement contract by the local government's governing body, which for a county is its commissioners court. But a commissioners court does not itself hold independent law enforcement authority; rather, county law enforcement authority is vested in specific county offices such as the sheriff and county constables. *See* Tex. Const. art. V, §§ 18 (constable), 23 (sheriff); Tex. Att'y Gen. Op. No. H-1123 (1978) at 2 (commissioners court does not have independent law enforcement authority). The Interlocal Cooperation Act and chapter 362 of the Local Government Code do not specifically require a sheriff's approval before counties enter into a law enforcement agreement.

## S U M M A R Y

A constable may perform law enforcement services on property that extends into another precinct of the county.

A county may not by agreement extend its law enforcement jurisdiction into another county. Counties may agree for the deputy sheriffs of one county to perform law enforcement services in another county, but only as officers of the latter county, subject to the command of the latter county's law enforcement authorities.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee